IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LAWN MANAGERS, INC., a Missouri Corporation, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Cause No.: ) |
| PROGRESSIVE LAWN MANAGERS, INC., a Missouri Corporation, | ) ) ) |
| Defendant. | ) ) |

## COMPLAINT

Comes now plaintiff, Lawn Managers, Inc. ("Lawn Managers"), and for its Complaint against defendant Progressive Lawn Managers, Inc. ("Progressive"), states as follows:

### Parties

1. Plaintiff Lawn Managers is a Missouri corporation in good standing, organized and existing under the laws of the State of Missouri, with its principal place of business located in Jefferson County, Missouri.

2. Defendant Progressive is a Missouri corporation in good standing, organized and existing under the laws of the State of Missouri, with its principal place of business located in St. Louis County, Missouri.

### Jurisdiction and Venue

3. This Court has original subject matter jurisdiction over this controversy pursuant to 15 USC Section 1121, and 28 USC Sections 1331 1338, and 1367, in that plaintiff brings this action for trademark infringement pursuant to the Federal Trademark Act of 1946, 15 USC Section 1051, et seq.

4. This Court has personal jurisdiction over the defendant, and venue is proper in this District and Division pursuant to 28 USC Section 1391(b) and (c), in that defendant Progressive is a Missouri corporation with its principal place of business in St. Louis County, Missouri.

5. Lawn Managers is the owner of a federal trademark for the name "Lawn Managers", Registration No. 4826435, Registration granted October 6, 2015, and for a design mark incorporating the name "Lawn Managers," Registration No. 4189623, granted August 14, 2012. Copies of the two registrations are attached hereto as **Exhibit A** and **Exhibit B**, respectively.

6. Since 1979, Lawn Managers has operated a lawn service and tree service business in St. Louis City, St. Louis County, Jefferson County and surrounding areas.

7. Prior to approximately 2012, the principal of Progressive was a part of Lawn Managers' business.

8. Pursuant to a divorce settlement agreement between the principal of Lawn Managers and the principal of Progressive, the principal of Progressive left the business and started a competing business in 2012, under the name "Progressive Lawn Managers".

9. Pursuant to a subsequent agreement in 2014, Progressive had permission to use the name "Lawn Managers" until December 31, 2014, at which time its permission to use the name ended. Progressive no longer has the right to use the name "Lawn Managers," as its license to do so expired on December 31, 2014.

10. Pursuant to the agreements between the principals of the two companies, Lawn Managers and Progressive divided their areas of operation with regard to residential customers, by zip code, and agreed not to solicit residential customers in the other's designated area, with

this agreement to remain in effect until July 25, 2016.  However, Progressive has incorporated meta-text into its website and other on-line listings offering services in zip codes and corresponding municipalities which were reserved to Lawn Managers under the parties' agreements, in violation of the agreement.

      11.    Progressive has continued to use the name "Lawn Managers" and has filed and maintains a fictitious name registration claiming to own the name.

      12.    Lawn Managers uses a single phone number, 636-671-7077.

      13.    Progressive uses a number of phone numbers, including 636-281-1145, 636-281-0662, 636-677-1122, and 636-394-1212.

      14.    In 2012, Progressive appropriated the telephone number 636-677-1122 from Lawn Managers by having it changed to Progressive's control without the consent of Lawn Managers or its principal.

      15.    The prefix "677" indicates a High Ridge, Missouri location for the number, and its use by Progressive is confusing to the public.

      16.    Progressive has also continued to list its business on a number of websites under the name "Lawn Managers" but with one or more of Progressive's phone numbers, in a manner calculated to confuse the public, including the following listings as of January 26, 2016:

    1)    https://my.datasphere.com/biz/lawn_managers-home_garden_lawn_garden-manchester_mo-12569528-311284  - Data Sphere
    2)    http://www.citysearch.com/profile/44247317/o_fallon_mo/lawn_managers.html - City Search
    3)    http://www.dexknows.com/business_profiles/lawn_managers_o_fallon-l912945737  - Dexknows
    4)    http://www.merchantcircle.com/business/Lawn.Managers.636-281-1145 - Merchant Circle
    5)    https://www.yellowpagesgoesgreen.org/O'Fallon-MO/Lawn+Managers/271495 - Yellow pages
    6)    http://www.largepro.com/progressive-lawn-managers-in-saint-louis-mo-st-louis-county  - Large pro

7) http://www.manchesterlawnservices.com/reviews -
8) http://www.b2byellowpages.com/company-information/840580179-lawn-managers.html - B2B Yellow Pages
9) http://www.myyp.com/Ofallon,MO/Lawn-Managers/profile - Valley Yellow Pages
10) http://www.servicenoodle.com/lawn-managers-p-521441 - Service Noodle
11) http://www.usaypage.com/garden-centers-category/missouri-o-fallon/lawn-managers-p157599.html - USA Yellow Pages
12) http://coupons.kmov.com/Lawn_Managers/12569528/355974.html - St. Louis Coupons Channel 4 KMOV
13) http://trantr.com/business/11805137-lawn-managers - Trantr
14) http://www.localsaver.com/ballwin-mo/home-services/landscaping/lawn-managers-coupon?dsc=BDSP&bizid=12569528&cpnid=311294
15) https://foursquare.com/v/lawn-managers/535a868f11d2db5265f878d0
16) http://www.whitepages.com/business/progressive-lawn-manager-ballwin-mo-2

17. On one additional website, Progressive claims to have been in business since 1994 and on Angie's list since 2006; however, these are the dates Lawn Managers was in business and on Angie's list. Progressive did not start in business until 2012. (http://www.angieslist.com/companylist/us/mo/manchester/progressive-lawn-managers-inc-reviews-269515.htm)

18. Progressive's vehicle signage, building signage and websites (http://plmi.us/ and http://progressivelawnmgmt.com/ and its Facebook page) are confusingly similar to those of Lawn Managers, in that Progressive displays the words "Lawn Managers" in large type and the word "Progressive" in very small type, creating the impression that the name of Progressive's business is "Lawn Managers" instead of "Progressive Lawn Managers". Photographs of Progressive's building signage are attached hereto as **Exhibit C**, and a print-out from its website is attached hereto as **Exhibit D**.

19. Defendant hands out coupons to its customers using the name "Lawn Managers" and containing one of defendant's phone numbers, which coupons are almost identical to coupons which have been used by plaintiff for many years. A copy of one of plaintiff's coupons

4

is attached hereto as **Exhibit E**, and a copy of one of defendant's coupons is attached hereto as **Exhibit F**.

20. Upon information and belief, defendant has registered and has control over the domain name and URL "lawnmanagersinc.com," and this domain name redirects the user to the website of Progressive.

21. Defendant also owns the domain name and URL "progressivelawnmgmt.com," which directs the user to the website of Progressive.

22. Plaintiff has expended substantial efforts and funds over the years since 1979 to promote the name "Lawn Managers" and to create name recognition and a favorable business reputation for the name among consumers and customers.

23. Plaintiff previously took the position that it would be acceptable for defendant to use the full name "Progressive Lawn Managers" and to use the words "Manager" or "Management" if and so long as defendant displayed the word "Progressive" in the same type size and with the same prominence as the remaining words, but plaintiff has been advised that the use of the words "Manager" or "Management" in any form by defendant would infringe plaintiff's trademark, and defendant has refused to make any changes to its trade dress, business name or marketing.

24. Defendant's use of the words "Manager" or "Management" in its trade dress, business name and marketing, in connection with words denoting lawn, garden and tree services, infringes plaintiff's trademarks.

25. Defendant's use of plaintiff's trademark has caused actual confusion among the public and customers.

5

26. As a result of defendant's actions, plaintiff has been damaged in an amount not presently ascertainable.

27. Plaintiff made written demand upon defendant to cease and desist its infringing conduct, and defendant has refused to do so.

28. Defendant's infringement of plaintiff's trademarks, unless enjoined by this Court, has caused and is likely to cause confusion, mistake and deception of consumers, prospective customers, and members of the public.  As a result, plaintiff has suffered and will suffer irreparable injury to and dissipation of its reputation and good will for which plaintiff has no adequate remedy at law.

## COUNT I

### Federal Trademark Infringement
### (15 USC Section 1114)

29. Plaintiff incorporates by this reference the allegations of paragraphs 1 through 28 above as if fully set forth in this count.

30. Defendant's actions demonstrate an intentional, willful and malicious intent to trade upon the goodwill associated with plaintiff's trademarks.

31. Defendant's actions constitute infringement in violation of 15 USC Section 1114.

32. Plaintiff is being and will continue to be damaged by defendant's infringement, which causes a likelihood of confusion and actual confusion among customers and prospective customers as to the true identity, source, affiliation or sponsorship of defendant's infringing services.

33. Because of defendant's infringement, plaintiff has suffered and will suffer damage to its business reputation and goodwill, and loss of sales and profits that it would have made but for the unlawful acts of defendant.

34. Plaintiff is entitled to permanent injunctive relief, an accounting of defendant's ill-gotten profits, plaintiff's damages, and plaintiff's reasonable attorneys' fees, costs and expenses, pursuant to 15 USC Sections 1114, 1116 and 1117, and enhancement of plaintiff's award of lost profits and trebling of plaintiff's damages pursuant to 15 USC Section 1117.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff Lawn Managers, Inc., respectfully prays for the following relief:

1. That the Court permanently enjoin defendant, and any agent, officer, employee, representative, successor, assign or attorney of the defendant, and any person acting for, with, by, through or under authority of the defendant, from:

a. Using the name "Lawn Managers," "Lawn Management," "Managers," "Management" or any variation of "Manager" or "Management" in any manner in connection with the marketing or operation of defendant's business;

b. Using any words, terms or symbols which so resemble the "Lawn Managers" trademark, plaintiff's trademarked logo, or any names, marks or designations of plaintiff, as to be likely to cause confusion, mistake, deception, or misunderstanding in connection with the marketing, advertising, promoting, selling or offering for sale of any goods or services;

c. Expressly or by implication representing that defendant or its goods or services are those of or are affiliated with, authorized, licensed, endorsed or sponsored by plaintiff including without limitation, defendant maintaining any advertisement or listing which uses the name "Lawn Managers" with any of the phone numbers used or controlled by defendant;

d. Selling any goods or services or engaging in any actions which are likely to cause injury to plaintiff's business reputation, including but not limited to use of plaintiff's protected trademarks;

7

  e. Making or engaging in any false descriptions, false designations, or false representations with respect to services of plaintiff;  or

  f. Otherwise infringing upon plaintiff's trademark or plaintiff's logo, or unfairly competing with plaintiff in any manner whatsoever.

  2. That defendant be ordered to remove all signage in which the words "Lawn Managers" or "Lawn Management" is used, and to recall and destroy any advertising materials in defendant's actual or constructive possession using the words "Lawn Managers" or "Lawn Management" in connection with defendant's business, and to cease and desist the sale or use of all such items;

  3. That defendant be ordered to immediately contact all print or on-line advertisers, print or on-line telephone directories, Facebook, or any other marketing channel with which defendant or any principal or agent of defendant has any listings or pages using the word "Lawn Managers" or "Lawn Management" and to correct each and every such listing, that defendant be ordered to correct any incorrect metatag or meta data in which defendant infringes upon plaintiff's trademark or agreed territory; and that defendant be ordered to terminate and not renew any of defendant's print directory listings using "Lawn Managers" or "Lawn Management" effective immediately upon the entry of this Court's order;

  4. That defendant be ordered to immediately transfer ownership of lawnmanagersinc.com, and any domain names or URLs under defendant's ownership or control using the words "Lawn Managers" or "Lawn Management," or "Manager" or "Management" in any form, to plaintiff.

  5. That defendant be ordered to terminate its fictitious name registration for "Lawn Managers."

6. That defendant be compelled to account to plaintiff for any and all profits derived by defendant from the use of plaintiff's trademark.

7. That plaintiff be awarded a judgment against defendant in the amount of all damages caused by the infringing acts of defendant, including without limitation prejudgment interest on all such damages;

8. That because of defendant's knowing and intentional use of plaintiff's trademark, that plaintiff's damages be trebled and the award of profits enhanced as provided for by 15 USC Section 1117(a);

9. That defendant be ordered to pay to plaintiff the costs and expenses of this action and plaintiff's reasonable attorneys' fees, pursuant to 15 USC Section 1117(a);

10. That plaintiff be awarded punitive damages against defendant, because of defendant's willful and deliberate infringement of plaintiff's trademark and to deter such conduct in the future;  and

11. For such other and further conduct as the Court deems just and proper in the circumstances.

          __/s/ Randy Zweifel_____
          Randy Zweifel

STATE OF MISSOURI      )
               ) SS
COUNTY OF CITY OF ST. LOUIS )

    On this ___1st__ day of __February_____, 2016, before me appeared Randy Zweifel, President of Lawn Managers, Inc., to me personally known, who, being duly sworn, did say that the foregoing is true and correct to the best of his knowledge, information and belief.

          /s/ Norah J. Ryan_____

          Notary Public

My commission expires:

July 19, 2017

[see verification of signed original document, filed separately]

          Respectfully submitted,


          __/s/  Norah J. Ryan_____
          Norah J. Ryan MBE#32123, EDMo 4240
          **Norah J. Ryan, Attorney at Law**
          Attorney at Law
          3407 South Jefferson Ave.
          St. Louis, MO 63118
          314-241-9994
          314-677-2089 (Fax)
          Email:  norah.ryan@att.net

          Co-Counsel for Plaintiff

          Annette P. Heller, Attorney at Law
          Mo. Bar No. 26748, Fed. Ct. No. 3368
          400 Chesterfield Center, Suite 400
          Chesterfield, MO  63017
          Tel. 314-469-2610
          Fax 314-469-4850
          E-mail:  TMAttorneyHeller@aol.com

          Co-Counsel for Plaintiff