UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LAWN MANAGERS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:16 CV 144 DDN |
| | ) | |
| PROGRESSIVE LAWN MANAGERS, INC., | ) ) | |
| | ) | |
| Defendant. | ) | |

**ORDER GRANTING MOTION FOR RECONSIDERATION
AND VACATING ORDER STAYING ACTION**

Plaintiff moves this court to reconsider (ECF No. 44) its order staying this action (ECF No. 42). The court stayed this action for two reasons.

First, under *Younger v. Harris*, 401 U.S. 37 (1971), this court determined that this action at base involved "the enforcement and modification of a state court's order dividing marital property, while that [state court] order is subject to ongoing post-dissolution modifications and contempt motions." (ECF No. 42 at 4). And the court considered the underlying state court order, being "a domestic relations decree, is of a kind 'uniquely in furtherance of the state courts' ability to perform their judicial functions.'" (*Id.*) (quoting *New Orleans Public Service, Inc. v. Council of City of New Orleans*, 491 U.S. 350, 367-68 (1989)). In that vein, this court considered that this action would potentially involve modifying or interfering with a domestic relations decree of the state court. (*Id.* at 6, 7).

Second, applying the principles of *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976), this court considered that, with this action and the state court action proceeding concurrently, there was a great potential for piecemeal litigation with incompatible federal and state court decrees concerning the same property rights. (*Id.* at 8). And, further, "in general it is appropriate for the federal courts to leave

delicate issues of domestic relations to the state courts." *Elk Grove Unified School District v. Newdow*, 542 U.S. 1, 13 (2004).

This court determined that "[a]fter the property interests of the parties in the trademark have been finally adjudicated in the state court post-dissolution proceedings, any remaining issues of federal law can then be addressed by the federal court." (ECF No. 42 at 9).

Plaintiff seeks relief under Fed. R. Civ. P. 59. However, Rule 59 governs motions to alter or amend a final judgment. Fed. R. Civ. P. 59(e). Plaintiff's motion is not directed to a final judgment, but rather to an interlocutory order to stay this action. The Federal Rules of Civil Procedure do not include a "motion for reconsideration" as to nonfinal orders, but a district court has inherent authority to reconsider such orders. *See Garrett v. Albright,* 2008 WL 268993, at *2 (W.D. Mo. Jan. 30, 2008); *See also* Fed. R. Civ. P. 54(b) ("any [nonfinal] order or other decision . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."). Moreover, reconsidering the matter now will enhance the court's efficient and just disposition of this case. *Dietz v. Bouldin*, 136 S.Ct. 1885, 1892 (2016) ("[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases.").

A court may amend or reconsider any nonfinal order to correct any "clearly or manifestly erroneous findings of facts or conclusions of law." *Jones v. Casey's Gen. Stores*, 551 F. Supp. 2d 848, 854 (S.D. Iowa 2008) (citations omitted). The court's order to stay was based on the conclusion that proceedings below were still pending as to the division of marital property. (ECF No. 42). However, plaintiff argues that the division of marital property below has been finally adjudicated, in that plaintiff's principal was awarded the right to the phrase "Lawn Managers" and defendant's principal the right to the phrase "Progressive Lawn Managers,"[1] with no related ongoing motions and no

---

[1] The divorce decree provides that:

possible future motions.  (ECF Nos. 44, 45, 47).  *See also* Mo. Rev. Stat. § 452.330.5 ("[t]he court's order as it affects distribution of marital property shall be a final order not subject to modification").  Throughout its brief in opposition, defendant never abjures that the marital property at issue has been finally determined by the state court; instead, defendant argues only that the medium for this determination, the state court order, allows for the exercise of state court authority, alone, regarding the parties' claims to this property.  (ECF No. 46).  This court disagrees.

The property rights at issue here involve the application of federal trademark law.  Plaintiff brought this action claiming that it has a trademark in the phrase "Lawn Managers," and that defendant has infringed on that mark, causing consumer confusion.  (ECF No. 1).  While this court will have to rely in part on the divorce decree to determine ownership of the trademark "Lawn Managers," the court is persuaded that this mark is no longer marital property subject to state court modification.  The abstention principles that would otherwise support a stay no longer apply.  Instead, "'the presence of federal law issues must always be a major consideration weighing against surrender' of federal jurisdiction."  *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 26 (1983) (citations omitted).  Accordingly, upon reconsideration,

**IT IS HEREBY ORDERED** that the motion of plaintiff for reconsideration (ECF No. 44) **is sustained.**

**IT IS FURTHER ORDERED** that the Order Staying Action (ECF No. 42) **is vacated.**

---

> Randy will retain the corporate name of Lawn Managers, Inc. . . . Linda will establish a new lawn care company using the name Progressive Lawn Managers, Inc. doing business as Lawn Managers.  The parties agree that Linda may use the name Lawn Managers for a period of time no longer than two years from the date of dissolution of marriage.  At the end of two years from the date of dissolution of marriage, or sooner if Linda wishes, Linda will use the name Progressive Lawn Managers, Inc. and will discontinue using the name Lawn Managers.

(ECF No. 30, Ex. 1 at 8, 15).

3

**IT IS FURTHER ORDERED** the parties must hereafter confer and file a joint proposed Amended Scheduling Order **not later than March 24, 2017.  A status and scheduling hearing is set for Tuesday, March 28, 2017 at 10:00 a.m.**

      /S/   David D. Noce
      **UNITED STATES MAGISTRATE JUDGE**

Signed on March 10, 2017.