UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LAWN MANAGERS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:16 CV 144 DDN |
| | ) | |
| PROGRESSIVE LAWN MANAGERS, INC., | ) ) | |
| | ) | |
| Defendant. | ) | |

## JUDGMENT ORDER

This action was tried to the Court sitting without a jury, the undersigned United States Magistrate Judge presiding by consent of the parties under 28 U.S.C. § 636(c)(3). The Court having rendered its findings of fact and conclusions of law in its Memorandum Opinion, filed herewith,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Plaintiff Lawn Managers, Inc., have and recover from Defendant Progressive Lawn Managers, Inc., compensatory damages in the sum of $80,688.00, plus the sum of $71,346.00 for corrective advertising, plus post-judgment interest thereon at the rate provided by 28 U.S.C. § 1961, plus reasonable attorneys' fees and the costs of the action.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** as follows:

1. Defendant Progressive Lawn Managers, Inc., and its principals, officers, agents, and employees (collectively "Defendant") is **PERMANENTLY ENJOINED** from using plaintiff's trademark "Lawn Managers" in connection with the marketing or operation of defendant's business. Defendant's use of its own trademark, "Progressive Lawn Managers," must comply with the following terms:

    A. The word "Progressive" must be of a larger font size than that used by the words "Lawn Managers."

    B. The three words must use a color, or multiple colors in a pattern, that is materially distinct from that used in plaintiff's trademark as of the date of this

     Judgment Order.  Should plaintiff elect to change the color of its trademark in its business materials at a future date, defendant need not make subsequent changes.

   C. No word may be placed inside a graphic or otherwise separated from the other words.

   D. Defendant must not represent to the public that it had been in business prior to 2012.  Defendant may represent to the public Linda Smith's years of experience with the industry, but must do so with the construction "__ years' experience" rather than "__ years in business" or "in business since 19__."

   E. If Defendant ceases to use the word "Managers" in its trademark, it is not prohibited from using "Lawn" or the word "Progressive" or either of them.

  2. Defendant must replace all signage currently in use that does not comply with the terms listed above.

  3. Defendant must issue a written notice letter to all of its current and former customers of the period January 1, 2015, to the date of this Judgment Order.  This letter must prominently display the following terms:

   A. Plaintiff and defendant are separate, competing companies.  Defendant's CEO and staff were formerly affiliated with plaintiff until 2012, whereupon they separately incorporated as Progressive Lawn Managers.

   B. Correct and distinct contact information, including payment address, for plaintiff.

   C. Correct and distinct contact information, including payment address, for defendant.

  4. Defendant must notify all government agencies, domain name registrars, banks, business directories, telephone directories, listing companies, advertising listings, and any other such entity that defendant is no longer using the name "Lawn Managers."  Defendant must direct all such entities to change their records to reflect defendant's correct name.

  5. Defendant must relinquish ownership of the URL "lawnmanagersinc.com."  Any additional domain names or URLs under defendant's control that use the words "Lawn Managers" must also be relinquished, unless they are immediately preceded by the word "Progressive."  If abbreviated, such domain names or URLs will also be relinquished unless the letters "LM" are immediately preceded by the letter "P."

6. Defendant will respond to telephone inquiries for "Lawn Managers" with correct and distinct contact information for plaintiff, including the fact that plaintiff and defendant have been separate companies since 2012.  Plaintiff must likewise respond to telephone inquiries for "Progressive" or "Progressive Lawn Managers."

7. Within 30 days of the date of this Judgment Order, Defendant must permanently remove the advertising video previously located on its "Contact Us" internet website plmi.us from any location on the internet where the video appears.

8. Within 30 days of the date of this Judgment Order, Defendant must transfer the telephone number 636-677-1122 to Plaintiff.

9. Counsel for defendant must report to the Court in writing regarding the completion of the actions set forth above within 60 days of the entry of this Judgment Order.

10. The Court shall retain jurisdiction over this action to enforce this permanent injunction entered against defendant Progressive.

11. Pursuant to 15 U.S.C. § 1116, the Clerk of the Court will notify the Commissioner of Patents and Trademarks of the entry of final judgment, who will enter it upon the records of the United States Patent and Trademark Office.

       /s/ David D. Noce       
**UNITED STATES MAGISTRATE JUDGE**

Signed on June 11, 2018.