UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| LAWN MANAGERS, INC., | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 4:16 CV 144 DDN |
| PROGRESSIVE LAWN MANAGERS, INC., | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**
**REGARDING POST-JUDGMENT MOTIONS**

Before the Court are defendants' motions to alter, amend, or seek relief from judgment under Federal Rules of Civil Procedure 59(e) and 60(b) and to reopen evidence under Rule 52(b). (Docs. 125 and 137).

Defendant argues that the Court improperly relied on precedent from the Courts of Appeals for the Fifth and Ninth Circuits factually distinguishable from the instant case. Defendant asserts that these cases require a "close working relationship" throughout the time the license was in effect to avoid abandonment via naked licensing. Defendant also argues that the Court erred in denying defendant's unclean hands defense, and plaintiff should therefore be barred from equitable remedies. Defendant claims the Court's decision overrules a state court's interpretation of its own judgment. After careful consideration of these arguments, the record, and the precedent in question, the Court concludes the disposition of the naked licensing and unclean hands defenses was proper. The Court found facts only as they related to the parties' trademark claims and defenses and these findings are not at odds with any final state court judgment.

Defendant also argues that certain terms of the injunction imposed on it must be amended. The Court agrees with defendant that (a) requiring defendant to transfer to plaintiff defendant's phone number could cause confusion; (2) imposing a color scheme

on defendant's trademark would require reference to another document contrary to Fed. R. Civ. P. 65(d)(1)(C); and (3) requiring defendant to notify all entities in the categories stated in the injunction without limitation to those to whom defendant had previously communicated is overbroad.

Whereupon,

**IT IS HEREBY ORDERED** that the motion of defendant to alter, amend, or seek relief from judgment (Doc. 125) **is sustained in part,** in that:

    a.    Paragraph 1(B) is struck and replaced with the following:

> 1. B. If defendant continues to use the name "Progressive Lawn Managers," these three words must be contiguous, each word being of the same font and the word "Progressive" being of a font size at least twice as large as that of the words "Lawn Managers;" and

    b.    Paragraph 8 of the Judgment Order is struck without replacement.

In all other respects, the motion is **DENIED**.

**IT IS FURTHER ORDERED** that defendant's supplemental motion to alter, amend, or seek relief from judgment (Doc. 137) **is sustained**, in that Paragraph 4 of the Judgment Order is struck and replaced with the following:

> Defendant must notify any government agency, domain name registrar, bank, business directory, telephone directory, listing company, advertising listing, and any such other entity that defendant has used or provided contact information to since January 1, 2015, that it is no longer using the name "Lawn Managers." Defendant must direct all such entities to change their records to reflect defendant's correct name.

**IT IS FURTHER ORDERED** that for the clarity of the record a Supplemental Judgment Order is issued herewith.


/S/   David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on July 13, 2018.