UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LAWN MANAGERS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:16 CV 144 DDN |
| | ) | |
| PROGRESSIVE LAWN MANAGERS, INC., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER
AWARDING ATTORNEY'S FEES**

Before the Court is plaintiff's application for attorney's fees, costs, and expenses. (Doc. 131). Defendant has objected. (Doc. 146). Defendant has also filed an appeal on the merits. (Doc. 153). Although this Court has been divested of jurisdiction over the matters on appeal, "a district court retains jurisdiction over collateral matters, such as attorney's fees or sanctions, while an appeal is pending." *FutureFuel Chem. Co. v. Lonza, Inc.*, 756 F.3d 641, 648 (8th Cir. 2014).

The facts have been set forth in a number of previous filings, so only those facts relevant to the present motion are repeated here. Following a bench trial on plaintiff's claim of trademark infringement, the Court entered judgment for plaintiff. (Docs. 101-104, 122-123). United States Trademark law provides that a court "in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). The Court did so here. (Docs. 122-123). In the Eighth Circuit, a case is "exceptional" when a defendant's conduct is "willful and deliberate," *Cmty. of Christ Copyright Corp. v. Devon Park Restoration Branch of Jesus Christ's Church*, 634 F.3d 1005, 1013 (8th Cir. 2011) or "beyond the pale of acceptable conduct." *Aromatique, Inc. v. Gold Seal, Inc.*, 28 F.3d 863, 877 (8th Cir. 1994). This Court found that defendant intended to deceive the public through its logo, website, signs, and promotional materials, phone conversations with

customers, and descriptions of its address. (Doc. 122). Defendant deliberately exacerbated consumer confusion with the intent of profiting from plaintiff's accrued consumer goodwill for as long as possible, taking actions beyond the pale of acceptable conduct. Accordingly, this Court concluded in its memorandum opinion that defendant acted willfully and deliberately in infringing on plaintiff's mark, making this an exceptional case for which attorney's fees are warranted.

In support of its application for attorney's fees, Lawn Managers has provided itemized billing statements that include: the date the work was performed; the initials of the timekeeper who performed the work; a narrative description of the work performed; the time spent on each task; the timekeeper's hourly rate ($250 an hour for Annette Heller, Esq., and $225 an hour for Norah J. Ryan, Esq.)[1]; and the amount billed for each task. (Doc. 131, Exs. 2, 5, 6). The entries vary in the specificity of their narrative descriptions, and there are some instances of block billing. Attorney Ryan's statements reflect "courtesy discounts" or other reductions in the amount billed to the client. (*Id.*).

In total, plaintiff asks the court to award attorney's fees in the amount of $237,233.00 ($192,770.50 for attorney Ryan and $44,462.50 for attorney Heller); witness expenses in the amount of $25,721.07; costs in the amount of $3,314.93; and mediation costs in the amount of $3,451.03. (Doc. 131). Defendant contests plaintiff's entitlement to attorney fees with respect to the merits of the litigation but also disputes the amount of fees and costs requested on six grounds: (1) some fees sought were not actually billed to plaintiff, (2) the fees include hours for non-attorney administrative work, (3) some narrative descriptions are vague or redacted, (4) some entries reflect work done for state court proceedings, (5) some time entries are duplicative or excessive, and (6) fees for expert witness testimony should not be recoverable. (Doc. 146).

Plaintiff maintains that the fee award sought is reasonable. (Doc. 147). The Court

---

[1] Defendant does not challenge the hourly rate charged by either attorney, and the Court concludes these hourly rates are reasonable, based on its own knowledge of prevailing market rates within its jurisdiction, *see Warnock v. Archer*, 397 F.3d 1024, 1027 (8th Cir. 2005), and on the supplemental materials provided by plaintiff in support of its application. (Doc. 131, Exs. 1-3).

will address each of defendant's challenges in turn.

### (1) Fees Not Actually Billed to Plaintiff

Counsel for plaintiff regularly discounted its fees for work performed. However, on its motion for fees, plaintiff requests the product of counsel's hourly rate and time worked, rather than the amount plaintiff actually paid to its attorney. (Doc. 131). Defendant argues that the Court cannot assess "attorney fees for which plaintiff was never billed and never paid." (Doc. 146). Defendant cites to cases stating that hours "not properly billed to one's client also are not properly billed to one's adversary," *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983), and "fees are not recoverable for work for which the client could not be charged." *Gracie v. Semaphore Entm't Grp.*, 52 F. App'x 43, 45 (9th Cir. 2002). Plaintiff argues this does not preclude an award of its full rate, because these cases refer to general billing judgment: as plaintiff puts it, "whether the time **could** reasonably be billed to the client, not whether it was." (Doc. 147 at 5).

The general starting point for fee award calculations is the lodestar method, which multiplies the reasonable hourly rate by the number of hours reasonably expended. *Hensley*, 461 U.S. at 433. In determining the number of hours reasonably expended, "[c]ounsel for the prevailing party should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Quigley v. Winter*, 598 F.3d 938, 957 (8th Cir. 2010) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). Attorney fee requests routinely reflect discounts in the hourly rates or hours expended, and the Court will not award fees that plaintiff's own counsel excluded from its billing statements to plaintiff. *See, e.g., Ewald v. Royal Norwegian Embassy*, 2015 WL 1746375, at *2 (D. Minn. Apr. 13, 2015) (where counsel reduced the total amount billed to the client by over $100,000 in "courtesy discounts" to encourage prompt payment, foster good will, and ensure fairness, and then requested only the discounted total in an attorney fee award); *Hiltibran v. Levy*, 2011 WL 5008018 at *5 (W.D. Mo. Oct. 20, 2011) (where counsel in applying its own billing judgment reduced all hours by five percent, and where the court analyzed reasonableness of hours with

3

respect to what the client actually paid or would be willing to pay, reducing the total amount by another fifteen percent, reasoning: "at some point a private client would begin to expect a sort of volume discount on their fees, and Hiltibran's attorneys would have to reduce their hours as a matter of billing judgment"); *Richemont Int'l, S.A. v. Clarkson*, 2008 WL 4186254, at *2 (D. Minn. Sept. 5, 2008) (where counsel submitted invoices that included a ten percent discount to clients and the court considered the discounted rate to be reasonable).

In determining whether a fee was "reasonable" in the context of another statutory scheme, the Supreme Court of the United States reasoned that "the nature of the fee contract between the client and his attorney should be taken into account when determining the reasonableness of a fee award . . . ." *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 483 U.S. 711, 723 (1987) (referencing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 718 (5th Cir. 1974) ("The fee quoted to the client or the percentage of the recovery agreed to is helpful in demonstrating the attorney's fee expectations when he accepted the case.").

The Court concludes that the "courtesy discount" plaintiff's counsel applied to its statements was reasonable and reflects the application of counsel's own billing judgment. The Court declines to increase the award beyond the amount charged to the client.

### (2) Fees for Non-Attorney, Administrative Work

Defendant argues that plaintiff's application includes $9,795.00 in administrative work, such as obtaining and scanning copies. (Doc. 146 at 11). Plaintiff responds that its counsel is a solo attorney who does not employ staff and who passes on this lower overhead and increased administrative work by charging a reduced hourly rate. (Doc. 147). The Court is persuaded that the reduced hourly rate and counsel's courtesy discounted fee to her client adequately compensates her for hours charged for administrative work.

### (3) Fees for Vague or Redacted Entries

4

In order to determine that hours claimed are reasonable, the court must be told what was accomplished during the time spent. If the documentation is inadequate, a district court may reduce the award accordingly. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). While the Court agrees with plaintiff that some of the redacted entries are sufficiently detailed or the work sufficiently obvious given the entry's context, others do not leave sufficient detail for the court to infer what exactly counsel did with respect to this case. For those entries, the Court will deny an award. After reviewing the entries in detail, the Court reduces hours for attorney Ryan by 2.8 (the sum of 0.7 hours on 07/18/2016; 0.8 hours on 09/21/2016; 0.4 hours on 09/27/2016; 0.4 hours on 02/16/2017; 0.2 hours on 11/21/2017; 0.3 hours on 11/22/2017).

With respect to vague entries, the Court agrees with defendant that many of attorney Heller's entries constitute block billing, in that they are very general and span multiple days. (*See, e.g.,* Doc. 146, Ex. 1 at 87: "Email exchanges with Ryan" from 3/28/2016-5/31/2016). The Court agrees that attorney time entries should be made contemporaneously with work and not be reconstructed. *In re Apex Oil Co.*, 297 F.3d 712, 718 (8th Cir. 2002). However, the time claimed for these entries generally appears to be reasonable and often conservative. (*See id.*, Doc. 146, Ex. 1 at 87, claiming 1 hour for over a month's worth of emails). After carefully reviewing these entries, the Court declines to reduce the hours claimed.

(4) Fees for State-Court Proceedings

Plaintiff included time it spent on the state-court proceedings in its fee request, arguing it was required for this federal case once defendant raised the unclean hands defense, because much of the evidence related to that defense developed in the state court proceedings. (Doc. 147). The Court disagrees. After reviewing defendant's annotations and plaintiff's reply, the Court reduces plaintiff's hours claimed by 188.58 hours for attorney Ryan, or $42,231, and by 0.8 hours for attorney Heller, or $200. It will allow those hours that sufficiently related to the federal case, as set out in plaintiff's reply exhibit. (Doc. 147, Ex. 1). The process of awarding attorney fees gives "rough

5

justice[,]" not "auditing perfection." *Fox v. Vice*, 563 U.S. 826, 838 (2011). District courts "may take into their account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." *Id.* In arriving at these figures, the Court has rounded the total amount to the nearest dollar and has relied on the exhibits provided by the parties.

(5) Fees for Excessive Hours

Defendant argues that plaintiff did not achieve excellent results and so a full fee award would be excessive. (Doc. 146). Although the Court did not award plaintiff the full amount of its requested damages, and although plaintiff did not succeed on every single motion it made, plaintiff nevertheless was meritorious in a complex case. Any work on unsuccessful theories was done "in pursuit of the ultimate result achieved." *Hensley v. Eckerhart*, 461 U.S. 424, 434-35 (1983). Any apportionment of fees for alleged partial success is not applicable. Plaintiff raised one claim—trademark infringement—and it succeeded on that claim. The Court declines to reduce the fee award for partial success because it finds plaintiff to be the prevailing party.

(6) Fees for Expert Witness Testimony

Finally, defendant argues that the expert witness and mediation costs are not recoverable. Under 28 U.S.C. § 1920, a federal court may tax "fees and disbursements for . . . witnesses" as costs, though Congress has limited these recoverable witness costs to travel fees and $40 per day for each day's attendance. 28 U.S.C. § 1821(b). These statutory provisions "define the full extent of a federal court's power to shift litigation costs absent express statutory authority to go further." *W. Va. Univ. Hosps., Inc. v. Casey*, 499 U.S. 83, 86–87 (1991). Accordingly, unless a statute explicitly authorizes recovery of fees for expert witnesses, "when a prevailing party seeks reimbursement for fees paid to its own expert witnesses, a federal court is bound by the limits of [28 U.S.C.]

§ 1821(b)." *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 444-45 (1987).[2]

Federal trademark law provides for the recovery of "the costs of the action," including, in exceptional cases, "reasonable attorney fees." 15 U.S.C. § 1117(a). There is no explicit authorization for expert witness fees. *Contra, e.g.,* 42 U.S.C. § 1988 ("the court, in its discretion, may include expert fees as part of the attorney's fee."); 42 U.S.C. § 2000e-5(k) ("the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee (including expert fees) as part of the costs[.]"). At least one other case analyzing this question in the context of 15 U.S.C. § 1117 has declined to award fees for expert witnesses in excess of that permitted by 28 U.S.C. §§ 1920 and 1821. *BASF Corp. v. Old World Trading Co.*, 839 F. Supp. 528, 533 (N.D. Ill. 1993), *aff'd sub nom. BASF Corp. v. Old World Trading Co.*, 41 F.3d 1081 (7th Cir. 1994).

The Court "will not lightly infer that Congress has repealed §§ 1920 and 1821, either through Federal Rule of Civil Procedure 54(d) or any other provision not referring explicitly to witness fees." *W. Va. Univ. Hosps.*, 499 U.S. at 86-87 (quoting *Crawford*, 482 U.S. at 445). Absent a specific statutory grant, the Court will award expert witness fees in the amount allowed by Section 1821(b): namely, $40 per day and travel expenses. This request will be considered by the Clerk in the context of taxable costs.

With respect to mediation costs, the Court has not located any binding authority discussing when mediation fees may be included in an attorney fee award under the Lanham Act. The Eleventh-Circuit case plaintiff relies on in requesting mediation expenses, *Evans v. Books-A-Million*, involved a different statute and is not persuasive, because it in turn relies on multiple pre-*Crawford* cases and interpretations of numerous other statutes with different provisions. 762 F.3d 1288 (11th Cir. 2014). Like the expert witness fees, mediation expenses fall outside the scope of 28 U.S.C. § 1920. Under the

---

[2] Plaintiff relies on an Eighth Circuit case, *Nebraska Public Power District v. Austin Power, Inc.*, 773 F.2d 960, 975 (8th Cir. 1985), for the proposition that the Court has the authority to award expert witness fees under Fed. R. Civ. P. 54(d). However, the Supreme Court later held in *Crawford* that this Rule is not an alternative to 28 U.S.C. § 1920, but rather that 28 U.S.C. § 1920 defines the term "costs" that may be awarded under the discretionary authority of Rule 54(d). 482 U.S. at 437-38.

Court's local rules, the parties split the cost of the mediator's services. E.D.Mo. L.R. 6.03(C)(1). The Court declines to shift plaintiff's portion of the mediation expenses in an award of attorney fees or costs.

## CONCLUSION AND ORDER

Applying these considerations,

**IT IS HEREBY ORDERED** that the motion of plaintiff for attorney fees and costs (Doc. 131) are **GRANTED IN PART** and **DENIED IN PART**.

The Court finding that the following amounts are reasonable compensation, rounded to the nearest dollar, for plaintiff's legal representation,

**IT IS FURTHER ORDERED** that defendant pay plaintiff the following amounts as reasonable attorney fees:

| *Attorney* | *Fees Claimed* | *Courtesy Discount Reduction* | *Redacted Entries Reduction* | *State Court Reduction* | *Total Fee Award* |
|---|---|---|---|---|---|
| N. Ryan | 192,771 | 55,048 | 630 | 42,431 | $94,662 |
| A. Heller | 44,463 | 0 | 0 | 200 | $44,263 |
| | | | | | |
| TOTAL | | | | | $138,925 |

**IT IS FURTHER ORDERED** that plaintiff may submit to the Court Clerk a bill of costs to be taxed, pursuant to E.D.Mo. L.R. 8.03, no later than twenty-one days after the date of this order.

/s/ David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on August 31, 2018.