UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

LAWN MANAGERS, INC.,　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　Plaintiff,　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　v.　　　　　　　　　　　　　)　　　No. 4:16 CV 144 DDN
　　　　　　　　　　　　　　　　　)
PROGRESSIVE LAWN MANAGERS,　　　)
INC., *et al.,*　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　Defendants.　　　　　　　　)

## MEMORANDUM AND ORDER

Before the Court is the second motion of plaintiff Lawn Managers, Inc. for attorney fees, costs, and expenses on appeal.  (Doc. 188.)  Defendant Progressive Lawn Managers, Inc., opposes the motion.

## BACKGROUND

Plaintiff sued defendant for willful infringement of its "Lawn Managers" trademark. Following a non-jury trial, the Court, on June 11, 2018, entered judgment in plaintiff's favor for compensatory damages of $80,688.00, corrective advertising costs of $71,346.00, post-judgment interest, reasonable attorney fees, costs of the action, and injunctive relief.  *Lawn Managers, Inc. v. Progressive Lawn Managers, Inc.*, 390 F.Supp. 3d 975 (E. D. Mo. June 11, 2020). [1]

On July 2, 2018, plaintiff filed its first motion for attorney fees.  In opposition to the motion, while generally arguing that this was not a legally "exceptional case" for which attorney fees are warranted under federal trademark law,[2] defendant focused on why plaintiff's fee claim was unreasonable in amount.  Nothing specific was stated about why this case was not "exceptional" under the statute. (Doc. 146.)  On August 31, 2018, the Court ordered defendant to pay plaintiff a

---

[1] On July 25, 2018, defendant filed its Notice of Appeal regarding the judgment and several post-judgment rulings.

[2] 15 U.S.C. § 1117(a) provides in relevant part:  "The court in exceptional cases may award reasonable attorney fees to the prevailing party."  The plain language of the statute does not distinguish between the case as litigated in the District Court and in the Court of Appeals in the application of "exceptional."  *Kiva Kitchen & Bath, Inc. v. Capital Distributing, Inc.* 681 F.Supp.2d 807, 809 (S.D. Texas Jan. 8, 2010).

total of $138,925.00 in reasonable attorney fees for attorneys Norah J. Ryan, Esq., and Annette P. Heller, Esq.  In so ruling, the Court concluded that this is an "exceptional case" for the award of attorney fees, stating:

> United States Trademark law provides that a court "in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). The Court did so here. (Docs. 122-123). In the Eighth Circuit, a case is "exceptional" when a defendant's conduct is "willful and deliberate," *Cmty. of Christ Copyright Corp. v. Devon Park Restoration Branch of Jesus Christ's Church*, 634 F.3d 1005, 1013 (8th Cir. 2011) or "beyond the pale of acceptable conduct." *Aromatique, Inc. v. Gold Seal, Inc.*, 28 F.3d 863, 877 (8th Cir. 1994). This Court found that defendant intended to deceive the public through its logo, website, signs, and promotional materials, phone conversations with customers, and descriptions of its address. (Doc. 122). Defendant deliberately exacerbated consumer confusion with the intent of profiting from plaintiff's accrued consumer goodwill for as long as possible, taking actions beyond the pale of acceptable conduct. Accordingly, this Court concluded in its memorandum opinion that defendant acted willfully and deliberately in infringing on plaintiff's mark, making this an exceptional case for which attorney's fees are warranted.

(Doc. 159 at 1-2.)   On October 1, 2018, defendant filed an amended notice of appeal, adding the award of attorney fees.

On May 20, 2020, the United States Court of Appeals for the Eighth Circuit affirmed this Court's judgment.  *Lawn Managers, Inc., v. Progressive Lawn Managers, Inc.,* 959 F.3d 903 (8th Cir. 2020), *cert. denied, Progressive Lawn Managers, Inc., v. Lawn Managers, Inc.* 141 S. Ct. 819 (U. S. Nov. 9, 2020).  In so doing, the Court of Appeals did not disturb the attorney fee award.  *Id.* at 914 n. 7.  While the case was on appeal, plaintiff filed a motion before the Court of Appeals for an award of its attorney fees on appeal; on July 7, 2020, the Court of Appeals remanded to this Court plaintiff's motion for attorney fees on appeal.

## **DISCUSSION**

In the motion now before the Court, plaintiff seeks attorney fees for the period July 1, 2018, through September 23, 2020, the date the pending motion was filed in this Court, not only for its representation before the Court of Appeals but also before this Court.  (Doc. 188 at 1.)  Plaintiff seeks a total of $42,042.19 ($38,417.19 for attorney Ryan and $3,625.00 for attorney Heller) and $107.86 for costs, for a total of $42,150.05. Plaintiff notes there are no unpaid bills.  However, attorney Ryan's time in March, April, and May 2020 has not yet been billed.

Defendant disputes plaintiff's entitlement to appellee attorney fees on three grounds: (1)

2

fees should not be awarded because the case is not "exceptional" under the statute, (2) the appellee-related fees are excessive, and (3) non-appellate work is not recoverable.  (Doc. 192.)  Plaintiff maintains its claim is reasonable and recoverable. (Docs. 188, 193).

**(1) <u>Case Is Exceptional for Award of Attorney Fees</u>**

Defendant argues that the Court's previous award of attorney fees to plaintiff was erroneous and that defendant's merits position on appeal was not groundless, unreasonable, or vexatious.  (Doc. 192 at 5.)

As stated in footnote 1 above, the Lanham Act provides that a court "in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a).  In the June 11, 2018 Judgment Order this Court held in part that plaintiff was entitled to an award of its reasonable attorneys' fees and costs in the case. (Doc. 123.)  As stated, the Court later awarded plaintiff's costs and fees through June 2018. (Doc. 159.)

In the Eighth Circuit, a case is "exceptional" for the award of attorney fees in the district court when a defendant's conduct is "willful and deliberate," *Cmty. of Christ Copyright Corp. v. Devon Park Restoration Branch of Jesus Christ's Church*, 634 F.3d 1005, 1013 (8th Cir. 2011), or "beyond the pale of acceptable conduct."  *Aromatique, Inc. v. Gold Seal, Inc.*, 28 F.3d 863, 877 (8th Cir. 1994).   A district court finding that the case is "exceptional" does not depend on whether there was bad faith.  *Cmty. of Christ Copyright Corp. v. Devon Park Restoration Branch of Jesus Christ's Church*, 634 F.3d at 1013.

This case was and remains a statutorily "exceptional" case for the award of attorney fees. Defendant willfully and deliberately infringed plaintiff's mark.  Defendant intended to deceive the public through its logo, website, signs, promotional materials, phone conversations with customers, and descriptions of its address. Defendant deliberately exacerbated consumer confusion with the intent of profiting from plaintiff's accrued consumer goodwill.  *Lawn Managers,* 390 F. Supp.3d at 984-85.  Those actions were beyond the pale of acceptable conduct and were not in good faith.  "[C]onsidering the position of the parties and the additional costs assessed as *a result of defendant's infringing conduct*," the Court awarded plaintiff damages, reasonable attorney fees, the costs of the action, and injunctive relief.  *Id.* at 987 (emphasis added).

Defendant argues the Court's determination that this case is exceptional remains flawed, initially citing *Octane Fitness, LLC v. ICON Health & Fitness, Inc.* 572 U.S. 545 (2014). *Octane Fitness* was a patent infringement case in which defendant Octane prevailed on summary

3

judgment, the district court ruling its exercise machines did not infringe plaintiff ICON's patent. Octane's motion for attorney fees under the Patent Act[3] was rejected by the district court.  On appeal the Federal Circuit Court of Appeals affirmed the judgment on the merits and the denial of attorney fees to Octane.  In reversing the court of appeals on the attorney fee issue, the Supreme Court defined the statutory "exceptional case" as "simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated."  572 U.S. at 554.  In applying this definition, the Supreme Court stated the district courts are to exercise their discretion on a case-by-case basis considering the totality of the circumstances.  *Id.*

Defendant argues that subsequent federal appellate court opinions "make clear that it is the reasonableness of positions taken during litigation that is the focus of a fee award."  (Doc. 192 at 3) (citing *Munchkin, Inc. v. Luv n' Care, Ltd.,* 960 F.3d 1373, 1378 (Fed. Cir. 2020), and related cases).  The *Munchkin* court reversed the award of attorney fees, but in doing so did not state that the reasonableness of the positions of the parties in the litigation is the paramount legal factor in all cases.  Rather, after quoting the *Octane* language quoted above, the *Munchkin* court considered that the district court's reasons for the fee award lacked support.  960 F.3d at 1378.

Defendant argues that the Court of Appeals for the Eighth Circuit erred in *Safeway Transit LLC v. Discount Party Bus, Inc.*, 954 F.3d 1171 (8th Cir. 2020), when it stated, "Where a defendant's unlawful conduct was willful and deliberate, the court may well determine that this is the type of exceptional case for which an award of attorney's fees is appropriate."  954 F.3d at 1182 (quoting *First National Bank in Sioux Falls v. First National Bank S.D.*, 679 F.3d 763, 771 (8th Cir. 2012)).  The Court disagrees with defendant, especially after noting that the *Safeway Transit* court quoted the milestone language of the Supreme Court in *Octane*, quoted above. Clearly, in determining whether a case is statutorily "exceptional" for the award of attorney fees, the Court may consider "both the governing law and the facts of the case," as this Court did in this case.

On appeal, defendant did not dispute the factual bases for this Court's findings regarding its infringing acts.  *Lawn Managers, Inc. v. Progressive Lawn Managers, Inc.*, 959 F.3d at 908

---

[3] The Patent Act uses the same language regarding attorney fee shifting used by the Lanham Act: "The court in exceptional cases may award reasonable attorney fees to the prevailing party."  35 U.S.C. § 285.

("On appeal, Progressive does not contest the district court's finding of infringement.")   In a statutorily exceptional case for an attorney fee award by the district court, plaintiff is entitled to attorney fees on appeal. *Committee for Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814, 825 (9th Cir. 1996).

### (2) Plaintiff's Claim for Attorney Fees is Reasonable

Defendant argues that plaintiff previously inflated its fees by including fees for the related state divorce case ("Hillsboro") and larger "undiscounted" fees not billed to the client. (Doc. 192 at 6.)  Plaintiff states the Hillsboro amounts of the attached bills are not sought here. (Doc. 193 at ¶ 9.)

In response to prior objections by defendant in 2018, in each of the documents the "Hillsboro" portions of the fees are now either highlighted or marked by plaintiff as "Hillsboro" expenses in the notes section of the entries. (*Id*.)  Plaintiff demonstrates that there are no duplicative efforts by the attorneys, and that no state court case hours, legal research fees, and travel expenses or meals were charged. (Doc. 188 ¶¶ 15-16.)

Plaintiff provides a summary spreadsheet of its Verified Bill of Costs (Doc. 188, Ex. 1), time and billing records for attorney Norah Ryan (*id*., Ex. 4), and time and billing records for attorney Annette Heller (*id*., Ex. 5).  The billing statements include: the date the work was performed; the initials of the timekeeper who performed the work; a narrative description of the work performed; the time spent on each task; the timekeeper's hourly rate ($250 an hour for attorney Heller and $225 an hour for attorney Ryan)[4]; and the amount billed for each task. (Doc. 188, Exs. 1, 4, 5).  The entries vary in the specificity of their narrative descriptions and plaintiff notes that Ms. Heller's time reflects a discount of approximately 25% which was applied before the time was billed. (Doc. 188 ¶ 10.)  Attorney Ryan's summary reflects "courtesy discounts" or other reductions in the amount billed to the client. (Doc 188, Ex. 1.)

The general starting point for fee award calculations is the lodestar method, which multiplies the reasonable hourly rate by the number of hours reasonably expended. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  In determining the number of hours reasonably expended, "[c]ounsel for the prevailing party should make a good-faith effort to exclude from a fee request

---

[4] Defendant does not challenge the hourly rate charged by either attorney, and the Court concludes these hourly rates are reasonable, based on its own knowledge of prevailing market rates within its jurisdiction, *see Warnock v. Archer*, 397 F.3d 1024, 1027 (8th Cir. 2005), and on the supplemental materials provided by plaintiff in support of its application.  (Doc. 131, Exs. 1-3).

hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Quigley v. Winter*, 598 F.3d 938, 957 (8th Cir. 2010). Attorney fee requests routinely reflect discounts in the hourly rates or hours expended. *See, e.g., Ewald v. Royal Norwegian Embassy*, 2015 WL 1746375, at *2 (D. Minn. Apr. 13, 2015) (where counsel reduced the total amount billed to the client by over $100,000 in "courtesy discounts" to encourage prompt payment, foster good will, and ensure fairness, and then requested only the discounted total in an attorney fee award); *Hiltibran v. Levy*, 2011 WL 5008018 at *5 (W.D. Mo. Oct. 20, 2011) (where counsel in applying its own billing judgment reduced all hours by five percent, and where the court analyzed reasonableness of hours with respect to what the client actually paid or would be willing to pay, reducing the total amount by another fifteen percent, reasoning: "at some point a private client would begin to expect a sort of volume discount on their fees, and Hiltibran's attorneys would have to reduce their hours as a matter of billing judgment"); *Richemont Int'l, S.A. v. Clarkson*, 2008 WL 4186254, at *2 (D. Minn. Sept. 5, 2008) (where counsel submitted invoices that included a ten percent discount to clients and the court considered the discounted rate to be reasonable). The Court will not award fee amounts that counsel exclude from billing statements to clients.

In order to determine that hours claimed are reasonable, the Court must be told what was accomplished during the time spent. If the documentation is inadequate, the Court "may reduce the award accordingly." *Hensley,* 461 U.S. at 433.

Defendant points to inconsistencies between plaintiff's Exhibit 1 and Exhibits 4 and 5. (See Doc. 192 at 7-8.) Defendant argues it cannot tell how plaintiff arrived at its final number. (Doc. 192 at 8.) Plaintiff explains that the reduction shown in Exhibit 1 (Column G) takes into account the elimination of all Hillsboro litigation and reduction/discounts given to the client. (Doc. 193 at 3.) The Court, in adding all charges, less the Hillsboro fees and discounts, finds that the pre-discounted amounts billed by attorney Heller are consistent in Exhibits 1 and 5, totaling $3,625.00. However, defendant specifically points to inconsistencies in the billing of attorney Ryan on 11/5/2018, 2/5/2019, and 6/3/2019. (Doc 192 at 7.) The Court, in verifying the amount between Exhibits 1 and 4, on 11/5/2018, concludes that a miscalculation in the fees amount benefit plaintiff in the amount of $8.00. The 02/05/2019 and 06/03/2019 amounts are irrelevant, in that they are all Hillsboro expenses not included in the fee totals requested here. However, in Exhibit 1 plaintiff discounts $55,657.50 by 30.98%, miscalculating the total, resulting in a $2.39 error in plaintiff's

favor.  Accordingly, attorney Ryan's attorney fee must be reduced by a total of $10.39.

The Court concludes that the "courtesy discount" plaintiff's counsel applied to its statements was reasonable and reflects the application of counsel's own billing judgment, less the $10.39 miscalculation.  Accordingly, plaintiff's requested award is reduced to attorney fees in the amount of $42,031.80 ($38,406.80 for attorney Ryan and $3,625.00 for attorney Heller) and $107.86 for costs, for a total of $42,139.66.

### (3) Attorney Fees for District Court and Court of Appeals Work is Recoverable

 To the extent defendant argues that billing submitted by plaintiff includes amounts for post-judgment work performed at the district court level not related to the appeal, the Court will allow those hours that relate to this case.

The process of awarding attorney fees gives "rough justice," not "auditing perfection." *Fox v. Vice*, 563 U.S. 826, 838 (2011).  Here, to separate the district court and appellate court hours by event, rather than by month and date billed would add considerable, unnecessary complexity to the calculations and accounting for both parties and the Court.  The Court previously awarded fees through the month of June 2018. (Doc. 159.)  Plaintiff's fees from July 1, 2018, through September 23, 2020, are not duplicative and this time range provides all parties a clear point of reference, in an ongoing case.

### ORDER

Applying these considerations,

**IT IS HEREBY ORDERED** that the motion of plaintiff for attorney fees and costs (Doc. 188) **is sustained,** in that for the period July 1, 2018 through September 23, 2020,  defendant must pay plaintiff reasonable attorney fees in the amount of $42,031.80 ($38,406.80 for attorney Ryan and $3,625.00 for attorney Heller) and $107.86 for costs, for a total of **$42,139.66**.


_____/s/ David D. Noce_____
**UNITED STATES MAGISTRATE JUDGE**

Signed on May 12, 2021.