IN THE UNITED STATES DISTRICT COURT            Redacted
FOR THE EASTERN DISTRICT OF MISSOURI

LAWN MANAGERS, INC.,                    )
                                        )
            Plaintiff,                  )        Case No. 4:16-CV-144 DDN
                                        )
v.                                      )
                                        )
PROGRESSIVE LAWN MANAGERS, INC.,        )
                                        )
LINDA R. SMITH, as an individual and as Trustee )
    Of the Linda R. Smith Revocable Living      )
    Trust u/a 11/20/13                  )
                                        )
SPENCER SMITH,                          )
                                        )
JOSEPHINE 12/12/1896 -10/31/1982, LLC, a )
        Missouri limited liability company,     )
                                        )
AVALAWN OUTDOOR SOLUTIONS, LLC,         )
                                        )
        A Missouri limited liability company,   )
                                        )
AVALAWN, LLC.,                          )
        A Missouri limited liability Company,   )
                                        )
            Defendants.                 )

## AMENDED SUPPLEMENTAL COMPLAINT

Comes now Plaintiff Lawn Managers, Inc. ("Lawn Managers" or "Plaintiff"), and for its

Amended Supplemental Complaint against Defendants states as follows:

### Nature of Action

This is an action for continuing trademark infringement committed by Defendant

Progressive and Defendant Linda R. Smith, its sole shareholder, after the entry of the judgments

on June 11, 2018 and July 13, 2018 (the "Trademark Judgments") which found that Defendant

Progressive had infringed Plaintiff's trademark. This action also includes a claim for civil

1

contempt. This action includes a claim under the Missouri Uniform Fraudulent Transfer Act, (the "MUFTA"), Mo.Rev.Stat. § 428.024, *et seq*., to address and recover for fraudulent transfers made to Defendant Linda R. Smith and her husband, Defendant Spencer Smith, made in order to hinder and delay the collection of the Trademark Judgments as well as Plaintiff's August 31, 2018 judgment for attorneys fees (the "Attorneys Fees Judgment", and referred to collectively as "the Judgments"). This action includes a claim under MUFTA, §§428.024, 428,029.1 against Defendants Avalawn Outdoor Solutions, LLC ("Defendant AOS") and Avalawn, LLC, two limited liability companies owned and controlled by Defendant Linda R. Smith and/or her immediate family members, which were formed after Plaintiff began efforts to collect its Judgments in early September, 2020.  In mid-November, 2020, Defendant Progressive transferred all of its assets, including its customer contracts, to either AOS or Avalawn, LLC. Plaintiff seeks damages and voiding of the transfers, as well as equitable relief to a) prevent future fraudulent transfers b) prohibit other actions intended to prevent Plaintiff from collecting its Judgments and c) to allow Plaintiff to execute upon the assets of Defendants AOS and Avalawn, LLC. Plaintiff also brings a claim for successor liability against Defendants AOS and Avalawn, LLC.

## The Parties

1.      Plaintiff Lawn Managers is a Missouri corporation in good standing, organized and existing under the laws of the State of Missouri, with its principal place of business located in Jefferson County, Missouri.

2.      Defendant Progressive is a Missouri corporation in good standing, organized and existing under the laws of the State of Missouri, with its principal place of business located in St. Louis County, Missouri at 120 Old Meramec Station Road, Manchester, Missouri 63021.

2

3.      Defendant Linda R. Smith is an individual residing in the Eastern District of Missouri, and upon information and belief, is the President, Secretary, and sole shareholder of Progressive.

4.      On information and belief, Plaintiff states that Defendant Linda R. Smith is the grantor and trustee of the Linda R. Smith Revocable Living Trust u/a 10/20/13 (the "Smith Revocable Trust.").

5.      Defendant Josephine 12/12/1896-10/31/1982 LLC ("Josephine LLC") is a limited liability company organized and existing under the law of the State of Missouri, having as its registered address 4100 Laclede Avenue, St. Louis, Missouri.

6.      Defendant Spencer Smith is an individual residing in the Eastern District of Missouri, and is the husband of Defendant Linda R. Smith.

7.      Defendant AOS is a limited liability company organized under the laws of the State of Missouri and having as its registered address 220 Lookout Avenue, Valley Park, Missouri 63088 and a business address of 120 Old Meramec Station Road, Manchester, Missouri 63021 as its business address on its website.

8.      Defendant Avalawn, LLC is a limited liability company organized under the laws of the State of Missouri and having as its registered address 220 Lookout Avenue, Valley Park, Missouri 63088.

9.      Defendant Spencer Smith is the manager of Defendant Avalawn, LLC.

## Jurisdiction and Venue

10.     This Court has original subject matter jurisdiction over Count I, pursuant to 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 1338, and 1367, in that Plaintiff brings an action for trademark infringement pursuant to the Federal Trademark Act of 1946, 15 U.S.C. § 1051, *et*

3

*seq.*

11.     This Court has original jurisdiction over Count II, the claim for civil contempt, under 18 U.S.C. § 401(3) and this Court's inherent authority to enforce its orders, judgments, and decrees.

12.     This Court has ancillary and supplemental jurisdiction over Count III, pursuant to 28 U.S.C. § 1367(a), in that Plaintiff brings a claim under the MUFTA, Mo.Rev.Stat. § 428.024, *et seq.*, because Count III is a post-judgment enforcement proceeding to collect a judgment.

13.     This Court has ancillary and supplemental jurisdiction over Count IV, Court has ancillary and supplemental jurisdiction over Count IV, pursuant to 28 U.S.C. § 1367(a) in that Plaintiff brings a claim under the MUFTA, Mo.Rev.Stat. §§428.024, 428.029.1, *et seq.*, because Count IV is a post-judgment enforcement action to collect a judgment.

14.     This Court has ancillary and supplemental jurisdiction over Count V, pursuant to 28 U.S.C. § 1367(a) in that Plaintiff brings a claim under Missouri state law to impose successor liability upon Defendant AOS in an effort to collect its Judgments.

15.     This Court has personal jurisdiction over Defendant Progressive, and venue is proper in this District and Division pursuant to 28 U.S.C. §§ 1391(b) and (c), in that Defendant Progressive is a Missouri corporation with its principal place of business in St. Louis County, Missouri.

16.     This Court has personal jurisdiction over Defendant Linda R. Smith, and venue is proper in this District and Division pursuant to 28 U.S.C. §Section 1391(b) and (c), in that Defendant Linda Smith resides within the Eastern District of Missouri.

17.     This Court has personal jurisdiction over Defendant Spencer Smith, and venue is proper in this District and Division pursuant to 28 U.S.C. §Section 1391(b) and (c), in that Defendant Spencer Smith resides within the Eastern District of Missouri.

18.     This Court has personal jurisdiction over the Defendant Josephine LLC, and venue is proper in this District and Division pursuant to 28 U.S.C. §1391(b) and (c) in that Defendant Josephine LLC is a Missouri limited liability company maintaining its registered address and place of business in St. Louis County, Missouri.

19.     This Court has personal jurisdiction over Defendant AOS  and venue is proper in this District and Division pursuant to 28 U.S.C. §1391(b) and (c) in that Defendant AOS is a Missouri limited liability company maintaining its registered address and place of business in St. Louis County, Missouri.

20.     This Court has personal jurisdiction over Defendant Avalawn, LLC and venue is proper in this District and Division pursuant to 28 U.S.C. § 1391(b) and (c) in that Defendant Avalawn, LLC is a Missouri limited liability company maintaining its registered address and place of business in St. Louis County, Missouri.

## Count I
## Trademark Infringement Under 15 U.S.C. § 1114
### (Defendants Progressive and Linda R. Smith)

21.     Plaintiff is the owner of a federal trademark for the name "Lawn Managers", Registration No. 4826435, Registration granted October 6, 2015, and for a design mark incorporating the name "Lawn Managers," Registration No. 4189623, granted August 14, 2012.

22.     On February 4, 2016, Plaintiff filed an action against Defendant Progressive alleging trademark infringement.

23.     On June 11, 2018, this Court entered its Judgment, which was superseded by a Supplemental Judgment on July 13, 2018, (both judgments referred to herein as the "Trade Mark Judgments") finding that Defendant Progressive had infringed Plaintiff's trademark.

24.     In the Trademark Judgments, this Court awarded Plaintiff damages, including an award for corrective advertising, in the total amount of $152,034. (DOC #123, DOC#144); this Court later entered a judgment for attorneys' fees. (DOC #159) In the Trademark Judgments, this Court also granted injunctive relief, including a) restrictions on the color and type size Defendant Progressive could use when exhibiting its name, b) ordering Defendant Progressive to replace any signage that did not comply with these restrictions, c) ordering Defendant Progressive to send a letter to all of its active customers from January 1, 2015 to the date of the judgment, advising them that Plaintiff and Defendant Progressive were separate and distinct corporations, and d) ordering Defendant Progressive to correct various internet listings to eliminate continuing confusion over and infringement upon Plaintiff's trademark.

25.     Defendant Progressive appealed the Trademark Judgments.

26.     On August 7, 2018, this Court entered its Order staying the Trademark Judgments and approving a supersedeas bond in the amount of $25,000. (DOC #156).

27.     Upon the entry of the stay, Defendant Progressive ceased its attempts to comply with the portion of the Trademark Judgments that required it to remove infringing materials from the internet and also ceased efforts to conform its use of its signage and logos so that they no longer infringe Plaintiff's trademarks.

28.     Although this Court stayed the Trademark Judgments, no order of the Court permitted or allowed Defendant Progressive and Defendant Linda R. Smith to continue infringing Plaintiff's trademarks during the pendency of Defendant Progressive's appeal.

29.    Defendant Linda R. Smith, the President, Secretary and sole shareholder of Defendant Progressive is a central figure in the corporation and she knew about, directed, and actively participated in the trademark infringement described herein.

30.    Defendant Linda R. Smith had the right, obligation and ability to supervise Defendant Progressive's infringing conduct and she had an obvious and direct financial interest in the continuing infringement.

31.    Since the entry of the Trademark Judgments, Defendant Progressive and Defendant Linda R. Smith have persisted and continued infringing Plaintiff's trademarks, often using the logos that this Court found infringing in the Trademark Judgments.

32.    Defendant Progressive and Defendant Linda R. Smith's continuing infringement of Plaintiff's trademarks have included the following:

   a) Defendant Progressive and Defendant Linda R. Smith continued to use infringing logos on its vehicles. A photograph of the infringing signage on a vehicle in August 2019 is attached hereto as **Exhibit A-1**; a photograph of the infringing signage on a vehicle in August 2020 is attached as **Exhibit A-2.**

   b) Defendant Progressive and Defendant Linda R. Smith continued to use infringing logos in its building signage, (the attached **Exhibit B-1** dated July 2018), and only changed the infringing building signage in late August, 2020. The infringing building signage was also displayed on the internet as late as mid-August, 2020, copy attached hereto as **Exhibit B-2**.

   c) Defendant Progressive and Defendant Linda R. Smith continued to use infringing logos on lawn signs. Photographs of lawn signs in use after the

entry of the Trademark Judgments are attached hereto as **Exhibit C-1** (dated in February 2019), and **Exhibit C-2** (dated in March 2019).

d) Defendant Progressive and Defendant Linda R. Smith continued to use the infringing logo on business cards. A photograph of Linda Smith's business card is attached hereto as **Exhibit D-1**, which was left at an address in September 2018 along with a solicitation letter using the infringing logo dated September 4, 2018, copy attached as **Exhibit D-2**, and exhibiting the hand-writing of Linda Smith.

e) Defendant Progressive and Defendant Linda Smith continued to use information about Plaintiff's customers to solicit business: in March 2019, Progressive sent a marketing letter which listed, among others, a customer of Plaintiff as an example of a nearby satisfied customer of Progressive. Plaintiff obtained a copy because the marketing letter was sent to Plaintiff's customer.

f) Defendant Progressive and Defendant Linda R. Smith failed to correct internet listings of Defendant Progressive from the date of the Judgments until late August 2020, and its listings continued to assert that Defendant Progressive had been in business for "more than 30 years," and similar language, thereby misappropriating Plaintiff's history and intentionally causing customers to confuse Plaintiff and Defendant Progressive, and continuing to infringe Plaintiff's trademarks. Examples of these listings are attached as **Exhibit E-1** (dated in July 2018) and **Exhibit E-2** (dated in June 2019). Plaintiff identified 18 websites and internet listings requiring

correction in an attachment to a letter to Defendant's counsel dated August 13, 2020.

g) Defendant Progressive and Defendant Linda R. Smith continued to use solicitation letters with the same look and form as Plaintiff's pre-bill letters, resulting in several customers of Plaintiff's paying Defendant for service by mistake.

33. Defendant Progressive and Defendant Linda R. Smith's use of Plaintiff's trademark has caused and continues to cause actual confusion among the public and customers.

34. Defendant Linda R. Smith has personal liability for the acts of trademark infringement described above because she directed, authorized, and/or ratified the infringement.

35. Defendant Progressive and Defendant Linda R. Smith knew, by virtue of the June 11 2018 Judgment, that their use of Plaintiff's trademarks was infringing.

36. Plaintiff is being and will continue to be damaged by these Defendants' infringement, which causes a likelihood of confusion and actual confusion among customers and prospective customers as to the true identity, source, affiliation or sponsorship of Defendant Progressive's infringing services.

37. Because of Defendants' infringement, Plaintiff has suffered and will suffer damage to its business reputation and goodwill, and loss of sales and profits that it would have made but for the unlawful acts of Defendants.

38. As a result of the actions of Defendant Progressive and Defendant Linda Smith, Plaintiff has been damaged in an amount not presently ascertainable.

39.     Plaintiff has incurred attorneys' fees and costs in enforcing its rights.

40.     The actions of Defendant Progressive and Defendant Linda Smith demonstrate an intentional, willful and malicious intent to trade upon the goodwill associated with Plaintiff's trademarks.

41.     The actions of Defendant Progressive and Defendant Linda Smith constitute infringement in violation of 15 U.S.C. § 1114.

42.     Plaintiff is entitled to an accounting of Defendant Progressive's ill-gotten profits.

43.     Plaintiff is entitled to a judgment against Defendant Progressive and Defendant Linda R. Smith, jointly and severally, in an amount of Plaintiff's damages, attorneys' fees, costs, and expenses, pursuant to 15 U.S.C. §§ 1114, 1116 and 1117, and enhancement of Plaintiff's award of lost profits and trebling of Plaintiff's damages pursuant to 15 U.S.C. § 1117.

44.     Plaintiff is entitled to reach and recover from the assets held for the benefit of Defendant Linda R. Smith in the Smith Revocable Trust.

WHEREFORE, plaintiff Lawn Managers, Inc., respectfully prays that this Court enter judgment in favor of Plaintiff and against Defendant Progressive and Defendant Linda R. Smith, in her individual capacity and as Trustee of the Smith Revocable Trust, jointly and severally, in an amount equal to a) the amount of all damages caused by the infringing acts of Defendant Progressive and Defendant Smith, including prejudgment interest on all such damages; b) an award of trebled damages and an enhancement of the award of profits as provided for by 15 U.S.C. § 1117(a), c) an award of Plaintiff's reasonable attorneys' fees, costs and expenses pursuant to 15 U.S.C. § 1117(a), d) an amount for punitive damages, and e) for such other and

10

further conduct as the Court deems just and proper in the circumstances.

**Count II**
**Civil Contempt**
**(Defendant Progressive and Defendant Linda R. Smith)**

45.     Plaintiff restates and realleges paragraphs 1 to 44.

46.     The Trademark Judgments required Defendant Progressive to send a letter (the "Letter") to "all of its current former customers from January 1, 2015, to the date of the [Trademark Judgments]." (DOC.# 144, ¶ 3)

47.     Defendant Progressive, under the direction of Defendant Linda R. Smith, has represented that in May 2020, it sent the Letter to 988 residential customers and a handful of commercial customers, and the Letter was sent on plain paper with no letterhead.

48.     Defendant Linda R. Smith represented to the Twenty-Third Judicial Circuit, Jefferson County Missouri, in the matter, "Linda R. Smith, Petitioner, v. Randall Zweifel, Case No. 09JE-DR00715-01" that Defendant Progressive had 1598 customers during the relevant time frame, and provided a list of these customers to that court in August 2017.

49.     Defendant Progressive and Defendant Linda R. Smith failed to send the Letter to all of Progressive's customers as required by the Trademark Judgments.

50.     Because Defendant Linda R. Smith is Progressive's sole owner and is the manager of the company, she can be held in civil contempt for Defendant Progressive's failure to comply with the Trademark Judgments.

51.     Plaintiff's compensatory damages for Defendants' acts are difficult to ascertain.

52.     As partial recompense to Plaintiff for its damages, Plaintiff requests that Defendant be ordered to re-send the notice, in a form approved by the Court, to all of Defendant's customers from January 1, 2015 to the present, and that Defendant be required to

provide proof of mailing to the Court.

53.     This Court can impose a per diem fine in order to coerce Defendants to comply with the Trademark Judgments.

54.     Plaintiff has incurred attorneys' fees and costs in enforcing its rights under the Trademark Judgments.

WHEREFORE, Plaintiff prays for an Order of this Court holding Defendant Progressive and Defendant Linda R. Smith in civil contempt, ordering them to comply with the Trademark Judgments by sending the Letter to all of Defendant Progressive's active customers from January 1, 2015 to the present, including, but not limited to the active customers included on the list presented to the Court in the Hillsboro proceeding, imposing an appropriate per diem fine until compliance has occurred, and awarding Plaintiff its attorneys' fees and costs for enforcing its rights.

**Counts III and IV**
**Facts Common to Plaintiff's Claims Under the MUFTA**

55.     Plaintiff restates and realleges Paragraphs 1 through 44 as if fully set forth herein.

56.     The principal amount of the Judgments, with costs, originally totaled $294,194.93.

57.     As of the date of the filing of this Supplemental Complaint, the principal amount of the Judgments totals $262,450.69, without consideration of accrued interest.

58.     Subsequent to the entry of the Judgments, and in anticipation of Plaintiff's attempts to collect its Judgments, Defendants have engaged in a scheme to hinder, delay and defraud Plaintiff in collecting its Judgments.

59.     This scheme included stripping Defendant Progressive of cash and the transfer

of its assets to companies that Defendant Linda R. Smith owns and/or controls.

60.     Plaintiff has been unable to collect its Judgments and has been defrauded.

61.     In anticipation of Plaintiff's actions to collect the Judgments, Defendant Progressive transferred funds to Defendant Linda R. Smith immediately after the entry of the June 11 2018 Judgment, immediately after the entry of the Opinion of the Eighth Circuit Court of Appeals upholding the Judgments, and immediately after the entry of the Mandate of the Court of Appeals.

62.     In anticipation of Plaintiff's actions to collect the Judgments, on two occasions, upon learning that executions had been filed and garnishments issued to its bank accounts, Defendant Progressive removed funds from the bank accounts before the garnishment could be served upon the bank.

63.     After Plaintiff began to execute on the Judgments by filing garnishments, Defendant Progressive transferred all of its assets to Defendant AOS and Defendant Avalawn, LLC, businesses which Defendant Linda R. Smith (or members of her immediate family) owns and controls.

64.     These transfers left Defendant Progressive insolvent.

65.     Defendant Linda R. Smith is an "insider" as that term is used in the Uniform Fraudulent Transfer Act ("UFTA"), in that she is an officer and the person in control of Defendant Progressive. Mo.Rev.Stat. § 428.009(7)(b) and (c).

66.     Defendant Spencer Smith is an "insider" as that term is used in the UFTA in that he is the spouse of Defendant Linda Smith, who is a relative of an officer or person in control of Defendant Progressive. Mo.Rev. Stat. § 428.009(7)(b).f..

13

67.     Christopher Lawrence, while not named as a defendant in this action, is Linda Smith's son, and his name appears in connection with some of the transactions involving Defendants AOS and Avalawn.

68.     Defendant Josephine LLC is wholly owned, operated and controlled by Defendant Linda R. Smith.

69.     Defendant Josephine LLC is an "affiliate" and an "insider" as those terms are used under the MUFTA because Defendant Linda R. Smith owns and controls Defendant Josephine, LLC.  Mo.Rev.Stat.§§428.009(1); Mo.Rev.Stat.428.009(7)(d).

70.     Defendant AOS is an "affiliate" and an "insider" as those terms are used under the MUFTA because Defendant Linda R. Smith directly and/or indirectly owns and controls Defendant AOS. Mo.Rev. Stat. §§428.009(1); Mo.Rev.Stat.428.009(7)(d).

71.     Defendant Avalawn, LLC is an "insider' and an "affiliate" as that term is used under the MUFTA because Defendant Linda R. Smith directly or indirectly owns and controls Defendant Avalawn, LLC. Mo.Rev. Stat. §§428.009(1); Mo.Rev.Stat. 428.009(7)(d).

72.     On July 3, 2018, after the entry of the June 11 2018 Judgment, Defendant Progressive filed its Motion to Stay Execution of Judgment (Doc. 127) and memorandum in support, and reply memo in support (Doc. 134, filed under seal), pursuant to which it requested that the Court permit it to post a supersedeas bond in an amount less $152,000 (the amount of the June 11 2018 Judgment) (DOC.#s 127, 134).

73.     In support of its Motion, on July 3, 2018, Defendant Progressive provided the Declaration of Defendant Linda R. Smith, in which she stated that a) Defendant Progressive could not obtain a bond in the full amount of the June 11 2018 Judgment because it could not obtain a letter of credit in the full amount, and b) it had approximately $▮▮▮▮ in year to date

income which "would be needed in order for Progressive to operate and satisfy Progressive's obligations to provide lawn care services and meet its annual expenses," and c) it had less than $███████ on deposit with Rockwood Bank "which sums are needed to keep Progressive operating." (DOC.. #134-1, filed under seal).

74.     On July 10, 2018, one week later, Defendant Progressive disbursed $██████ to Defendant Linda R. Smith.

75.     On July 27, 2018, Defendant Progressive appealed the Trademark Judgments.

76.     While the case was on appeal, Defendant Progressive made distributions to Defendant Linda R. Smith.

77.     In 2018, in addition to the $██████ disbursed on July 10, 2018, Defendant Progressive made disbursements to Defendant Linda R. Smith in the amount of $██████.

78.     In 2018, Progressive's tax returns show an operating loss of $██████

79.     In 2019, Progressive made disbursements to Defendant Linda R. Smith in the amount of $██████ and made a disbursement to Defendant Spencer Smith in the amount of $██████.

80.     In 2019, Progressive's tax returns show ███████████████████.

81.     The disbursements to Defendant Linda R. Smith cannot be accounted for as salary or compensation because Defendant Progressive's tax returns for 2018 shows that her compensation was only $██████ and its 2019 tax return shows that she received ████████████████.

82.     On April 20, 2020, the Eighth Circuit Court of Appeals entered its opinion affirming the Judgments. (DOC# 163).

83.     Thereafter, Progressive disbursed funds to Defendant Linda R. Smith in the following amounts on the following dates:

| April 20, 2020 | $███ |
| April 30, 2020 | $███ |
| May 20, 2020 | $███ |

84.     On August 5, 2020, the Eighth Circuit issued its mandate. (DOC # 167).

85.     On August 6, 2020, Defendant Progressive made two disbursements to Defendant Linda Smith in the amounts ███ and $███.

86.     None of the disbursements described above were made in the ordinary course of business, rather they were paid to insiders and were used to siphon off the income of Defendant Progressive so that there would not be accumulated cash to pay Plaintiff's Judgments and to otherwise ensure that Plaintiff's Judgments could not be satisfied.

87.     Since the entry of the Judgments, Defendant Progressive has made disbursements (including the ones described above) to Defendant Linda R. Smith in an amount in excess of $███.

88.     Since the entry of the Judgments, Defendant Progressive has made disbursements to Defendant Spencer Smith in an amount in excess of $███.

89.     On August 31, 2020, Plaintiff filed a Notice of Writ of Execution and Garnishment directed to Rockwood Bank.

90.     At the time that the garnishment was filed with the Court, Defendant Progressive had approximately $███ in two bank accounts at Rockwood Bank.

91.     The Court entered its Writ of Execution directed to Rockwood Bank on

September 1, 2020.

92.     Upon learning that the garnishment had been filed, and prior to the time that the garnishment could be processed and served upon Rockwood Bank, on September 2, 2020 Defendant Progressive removed $██████ from its account at Rockwood Bank and opened an account at Lindell Bank.

93.     On September 4, 2020, Defendant Spencer Smith, as organizer, incorporated Defendant Avalawn, LLC, a business organized for the purpose of providing lawn fertilization, treatment, and mowing, and pest control. (See **Exhibit F**, Certified copy of Articles of Organization of Avalawn, LLC.).

94.     Defendant Spencer Smith is named as the manager of Avalawn, LLC.

95.     After opening the Lindell Bank account, Defendant Linda R. Smith obtained cash disbursements from the Lindell Account of approximately $██████.

96.     These disbursements were taken out by Linda Smith in $100 bills.

97.     At the time of these disbursements, Defendant Progressive was able to write checks and make electronic payments and deposits in the Lindell Bank account.

98.     Defendant Linda R. Smith and Defendant Progressive engaged in cash transactions so that there would be no record of these transactions and so that they could hide and conceal these transactions from Plaintiff, who was actively attempting to collect its Judgments.

99.     On October 6, 2020, Christopher Lawrence, the son of Defendant Linda R. Smith, as incorporator, organized Defendant AOS. (See **Exhibit G**, Certified copy of Articles of Organization of Avalawn Outdoor Solutions, LLC.).

17

100.     The purpose of Defendant AOS is to provide lawn care and pest control.

101.     Defendant AOS's website lists Defendant Linda R. Smith as its owner. (See **Exhibit H,** Website pages for Avalawn Outdoor Solutions, LLC).

102.     On November 11, 2020, Defendant Progressive entered into an asset purchase agreement (the "Asset Purchase Agreement") with Defendant AOS.    (See **Exhibit I**, Asset Purchase Agreement).

103.     Under the Asset Purchase Agreement, all of the assets of Defendant Progressive, including, but not limited to customer contracts, accounts receivable, inventory, equipment, books and records, telephone number, and goodwill and other intangibles, were transferred to Defendant AOS. (**Exhibit I**, Art. II, §2.1).

104.     The only items excluded from the sale were a ███████████████, ██████████, ███████, ███████████ and an ███████████.

105.     The ███████████████ was transferred to Defendant Avalawn, LLC on November 13, 2020.

106.     Defendant AOS paid nothing for the assets.

107.     The only consideration that Defendant AOS gave for the assets was its agreement to continue servicing the customer accounts. (**Exhibit I**, Art. III, §3.1).

108.     Defendant Progressive was insolvent after the transfer of its assets to Defendant AOS and Defendant Avalawn, LLC.

109.     Defendant Progressive actively concealed that it had reached an agreement to transfer its assets to Defendant AOS.

110.     On October 9, 2020, in response to Plaintiff's Second Set of Interrogatories in

18

Aid of Execution, Defendant Progressive denied that it had received any offers to purchase its customer accounts and/or customer contracts.

111.    On November 25, 2020, after the consummation of the Asset Purchase Agreement, Defendant Progressive revealed for the first time that it had received an offer to purchase customer accounts and customer contracts from Defendant AOS in early September, 2020.

112.    Defendant Progressive transferred its assets to Defendant AOS and Defendant Avalawn, LLC in order to hinder, prevent and delay Plaintiff's collection of its Judgments.

113.    Although it purports to be a separate company from Defendant Progressive, Defendant AOS is simply a continuation of Defendant Progressive.

114.    Defendant AOS provides the same services as Defendant Progressive.

115.    Defendant AOS has the same telephone number as Defendant Progressive.

116.    Defendant AOS has the same business address as Defendant Progressive.

117.    Defendant Linda R. Smith is owner and sole shareholder of Defendant Progressive, and upon information and belief she is the owner of Defendant AOS.

118.    Defendant AOS uses all of the assets, including good will, of Defendant Progressive.

119.    Defendant AOS has the same customers as Defendant Progressive.

120.    On information and belief, Plaintiff states that AOS has the same employees as Defendant Progressive.

121.    On information and belief, Plaintiff states that the cash removed from Defendant Progressive's bank account was used in whole or in part to establish and operate Defendant AOS

and Defendant Avalawn, LLC.

122.    When Plaintiff requested that Defendant Progressive supplement its answers to Plaintiff's Second Set of Interrogatories to disclose the current location of is bank accounts, Defendant Progressive's counsel refused to supplement the answer, asserting that Progressive had no obligation to supplement its discovery responses under the Federal Rules of Civil Procedure.

123.    This objection is meritless and was asserted only to hinder and thwart Plaintiff from filing an execution upon Defendant Progressive's current bank account.

124.    On information and belief, Plaintiff states that at the time that Defendant was moving its accounts in order to thwart Plaintiff's attempt to collect its Judgments, it was also using funds to pay expenses for Defendant AOS and/or transferring funds to Defendant AOS.

125.    On or about October 13, 2020, Defendant Progressive opened an account at CNB STL Bank.

126.    Defendant Progressive made many of the disbursements from all three of its bank accounts (Rockwood, Lindell, and CNB STL Bank) in cash in order to conceal the true purpose of its actions and to prevent Plaintiff from tracing the funds.

127.    In addition to the disbursements described above, since the entry of the Judgments, Defendant Progressive has made other disbursements which appear to be payments for personal expenses of Defendant Linda R. Smith, such as payments to ████, ████, ████, ████████, ████████████████, all payments either in whole or in part, appear to have been made to pay Defendant Linda R. Smith's personal expenses, and as such, are disbursements on her behalf.

128.     Plaintiff is aware of one occasion, since the filing of the trademark action, when Defendant Progressive deposited funds from a Progressive customer into the bank account of Defendant Josephine, LLC, thereby concealing the assets and income of Defendant Progressive, and Plaintiff believes that this is not an isolated occurrence.

129.     Defendants' actions as described herein show a course of conduct designed to hinder and prevent Plaintiff from collecting its Judgments, and are "fraudulent transfers" under Mo.Rev.Stat. § 428.024, which provides that a transfer made with the actual intent to hinder, delay or defraud a creditor is a fraudulent transfer.

130.     Defendant Progressive's actions of closing its bank accounts upon learning that a garnishment has been filed provides additional evidence of Defendant Progressive and Defendant Linda R. Smith's specific intent to prevent Plaintiff from collecting upon its Judgments.

131.     Plaintiff has incurred attorneys' fees and costs in this action.

### Count III
### Missouri Uniform Fraudulent Transfer Act, Mo.Rev. Stat. § 428.024
### (Defendants Progressive, Linda Smith, Spencer Smith and Josephine LLC)

132.     Plaintiff restates and realleges Paragraphs 1 through 43 and 55 through 131.

133.     The action of Defendant Progressive in disbursing funds to Defendants Linda Smith, Spencer Smith, and Josephine, LLC were made to hinder, delay and defraud Plaintiff.

134.     Plaintiff has been damaged by these Defendants' actions in an amount yet to be determined.

WHEREFORE, Plaintiff prays for an Order of this Court directing a) Defendants Linda Smith, Spencer Smith, Josephine, LLC, (the "Smith Defendants") to i) disgorge any and all disbursements made to them from Defendant Progressive since June 11, 2018, including but not limited the $████ disbursed to Linda Smith, (including funds held in the Smith Revocable

Trust), and all funds disbursed to Spencer Smith, (and any other funds found to have been disbursed or transferred to the Smith Defendants), ii) imposing a constructive trust on all disbursements made from Defendant Progressive to the Smith Defendants or on behalf of the Smith Defendants (including any credit card payments and funds held in the Smith Revocable Trust), iii) allowing Plaintiff to execute upon and levy upon any disbursements in the hands of the Smith Defendants and the Smith Revocable Trust,  iv) directing the Smith Defendants and the Smith Revocable Trust to provide an accounting of any and all disbursements made by Defendant Progressive to or on behalf of the Smith Defendants, b) ordering Defendant Progressive to i) cease making disbursements to the Smith Defendants and to the Smith Revocable Trust, ii) to make an accounting of all disbursements paid to the Smith Defendants, iii) enjoining Defendant Progressive from moving its bank accounts pending the satisfaction of the Judgments, including any judgment entered herein under Count I and c) awarding Plaintiff damages, jointly and severally against Defendants Linda R. Smith, Spencer Smith, and Josephine, LLC, and awarding Plaintiff its attorneys' fees and costs.

### Count IV
### Missouri Uniform Fraudulent Transfer Act, Mo.Rev. Stat. §428.024 and §428.029.1
### (Defendants Progressive, Linda R. Smith, Spencer Smith, Avalawn, LLC and
### Avalawn Outdoor Solutions, LLC)

135.    Plaintiff restates and re-alleges Paragraphs 1  through 44 and 55 through 131.

136.    Any payments of cash from Defendant Progressive to Defendants Avalawn, LLC and/or Defendant AOS, are fraudulent transfers made to prevent Plaintiff from collecting its Judgments.

137.    The transfers were concealed.

138.    The transactions, including the withdrawals of cash, rather than ordinary bank transactions, are not done in the usual manner of doing business.

139.   The cash withdrawals were made in order to conceal Progressive's assets.

140.   The transfers were all or substantially all of Defendant Progressive's assets.

141.   Defendant Progressive received nothing of value for the transfers.

142.   Defendant Progressive became insolvent as a result of the transfers.

143.   The actions of these Defendants were done with the intent to hinder, delay and defraud Plaintiff.

144.   Defendant Linda R. Smith and Defendant Spencer Smith and perhaps other individuals not known at this time conspired to effectuate the fraudulent transfers described above.

145.   Plaintiff has been damaged by the fraudulent transfers.

WHEREFORE, Plaintiff prays for an order of this Court directing a) Defendants Avalawn, LLC and Avalawn Outdoor Solutions, LLC (the "Avalawn Defendants") to i) disgorge any and all disbursements made to them from Defendant Progressive, ii) imposing a constructive trust on all disbursements made to the Avalawn Defendants, iii) imposing a constructive trust on the assets of Defendant Progressive, including, but not limited to its customer accounts, contracts, and accounts receivables, and any proceeds from these accounts, iv) freezing the accounts of the Avalawn Defendants, v) allowing Plaintiff to execute upon and levy upon any disbursement from Defendant Progressive and any payments received from any customers and any bank account of the Avalawn Defendants, vi) directing the Avalawn Defendants to provide an accounting of any all disbursements made by Defendant Progressive and any and all receipts received from customers, and vii) enjoining the Avalawn Defendants from moving its bank accounts pending the satisfaction of the Judgments, including any judgment entered by the Court under Count I, and viii) awarding Plaintiff its attorneys' fees and costs, or, in the alternative,

appoint a receiver to control the bank accounts of Defendant Progressive, the Smith Defendants, and the Avalawn Defendants, and b) entering a judgment jointly, and severally, against Defendant Linda R. Smith and Defendant Spencer Smith, for damages sustained by Plaintiff Progressive as result of these fraudulent transfers.

**Count V**
**Successor Liability**
**(Defendant Avalawn Outdoor Solutions, LLC**

146.    Plaintiff restates and re-alleges Paragraphs 1 through 44 and 55 through 131.

147.    Defendant AOS is in all material aspects the continuation of Defendant Progressive.

148.    Defendant AOS is the successor the Defendant Progressive and it should be held liable for the debts of Defendant Progressive, including the Judgments.

WHEREFORE, Plaintiff prays for a judgment in its favor against Defendant Avalawn Outdoor Solutions, LLC for the balance of the Judgments, with interest thereon as provided by law.

**Count VI**
**Civil Conspiracy to Defraud Plaintiff Lawn Managers, Inc.**
**(Defendants Progressive, Linda R. Smith and Spencer Smith)**

149.    Plaintiff restates and realleges Paragraphs 1 through 44 and 55 through 148.

150.    After Plaintiff began to execute upon the assets of Defendant Progressive, Defendants Linda R. Smith and Defendant Spencer Smith, along with Christopher Lawrence, (Linda's son) conspired to defraud Plaintiff by concealing and transferring the assets of Progressive so that Plaintiff would be unable to collect its Judgments.

151.    Defendant Linda R. Smith and Spencer Smith, along with Christopher Lawrence (collectively, the "Co-Conspirators"), agreed to a fraudulent scheme under which new business entities would be formed so that Progressive could continue to operate.

152.    The Co-Conspirators agreed that a new business entity would be formed for the purpose of receiving Progressive's assets and that the new entity would continue the business and operations of Progressive, providing the same lawn care services to the same customers, and employing the same employees as Progressive.

153.    The Co-Conspirators agreed to form the new entity so that Progressive's assets could be transferred to it and so that Progressive would have no assets available to satisfy Plaintiff's Judgments.

154.    Upon information and belief, the Co-Conspirators further agreed and understood that Defendant Linda R. Smith would in fact continue to control and manage the newly formed business, and that she would continue to receive distributions from the business, to replace, in part, the funds that she had previously been receiving from Defendant Progressive.

155.    The Co-Conspirators further agreed that Defendant Linda Smith would not be listed as an owner or organizer of the new business entity so that it would appear as if she had no ownership interest or influence over the new entity and so that it would appear that the new entity was not Progressive's successor.

156.    In additional furtherance of the conspiracy, Defendant Spencer Smith, as organizer, formed Avalawn, LLC.  (**Exhibit F**).

157.    Defendant Avalawn, LLC was organized for the stated purpose of providing "lawn fertilization, treatment, and mowing, and pest control," (**Exhibit F**).

158.    Defendant Spencer Smith had no prior experience in providing lawn care services or in managing a lawn care business.

159.    Defendant Spencer Smith, in furtherance of the conspiracy, formed Defendant Avalawn, LLC so that it could be used to assist Progressive, Linda and Chris Lawrence in

preventing and hindering Plaintiff's efforts to collect its Judgments, including the receipt of the assets of Defendant Progressive.

160.    At some point, the Co-Conspirators decided that Progressive's assets would not be transferred to Avalawn, LLC and that another company would be formed for this purpose.

161.    On October 6, 2020 Christopher Lawrence, as organizer, formed Defendant Avalawn Outdoor Solutions, LLC (**Exhibit G**).

162.    Christopher Lawrence, in furtherance of the conspiracy, formed Defendant Avalawn Outdoor Solutions, LLC so that it could be used to assist Progressive, Linda and Spencer Smith in preventing and hindering Plaintiff's efforts to collect its Judgments.

163.    On November 11, 2020, pursuant to the Asset Purchase Agreement, (**Exhibit I**), substantially all of Progressive's assets were transferred to Avalawn Outdoor Solutions, LLC, except for a 2019 Ford truck.

164.    One of the assets owned by Progressive was the 2019 Ford truck.

165.    Progressive had used the truck in the operation of its business, and the Co-Conspirators understood that Defendant AOS would require the truck in order to operate.

166.    The Co-Conspirators also intended that the 2019 Ford truck would be leased to Defendant AOS, and that Defendants Linda R. Smith and Spencer Smith would receive the lease payments, in that way insuring that they would continue to receive monthly income from the lawn care businesses.

167.    The 2019 Ford truck was also to be transferred so that Plaintiff would be unable to seize the truck in order to satisfy its Judgments.

168.    On or about November 11, 2020, the 2019 Ford Truck was transferred to Defendant Avalawn, LLC.

169.   On information and belief, Defendant Avalawn, LLC, conducts no business and its sole activity is to own the 2019 Ford truck which is being used by Defendant AOS.

170.   Plaintiff states that Defendant Spencer Smith committed additional acts in furtherance of the scheme.

171.   The Co-Conspirators agreed to the fraudulent scheme for the purpose of defrauding Plaintiff and preventing Plaintiff from collecting its Judgments.

172.   Defendants Linda Smith and Spencer Smith each committed overt acts in furtherance of the conspiracy.

173.   Defendants Linda Smith and Spencer Smith each acted for their own personal interest and benefit and not in the interest of the corporations that they own and control in agreeing to the fraudulent scheme and acting to implement the fraudulent scheme.

174.   As a result of the conspiracy, Plaintiff has been damaged in the amount of its Judgments plus accrued interest because funds that would have been available to satisfy the Judgments have been placed beyond the reach of execution or garnishment.

175.   On information and belief, Plaintiff states that the fraudulent scheme is on-going and that Defendants Spencer Smith and Linda Smith continue to take actions to transfer and dissipate assets of the corporations that they own and control so that there will be no assets remaining to satisfy Plaintiff's Judgments.

WHEREFORE, Plaintiff prays for a judgment its favor, against Defendants Linda Smith and Spencer Smith, jointly and severally, in the amount of Plaintiff's unpaid Judgments, plus interest that has accrued on the Judgments.

**Count VII**
**Missouri Uniform Fraudulent Transfer Act, Mo. Rev.Stat. §428.024 and §428.029.1**
**(Defendants Josephine, 12/12/1896-10/31/1982, LLC, and**
**Linda R. Smith)**

176.     Plaintiff restates and realleges Paragraphs 1 through 44 and 55 through 131.

177.     This Court has ancillary and supplemental jurisdiction over Count VII, pursuant to

28 U.S.C. §1367(a) in that Plaintiff brings a claim under MUFTA, Mo.Rev. Stat. §428.024, *et seq.*,

because Count VII is a post-judgment enforcement proceeding to college a judgment.

178.     On or about May 17, 2012, Defendant Josephine, as buyer, entered into a seller-

financed transaction with Old Meramec Station Road Properties, LLC, for the purchase of real

estate located at 120 Old Meramec Station Road, St. Louis County, Missouri (the "Real Estate"),

with the following legal description:

> A Parcel of land situated in section 36 Township 45 North, Range 4 East, St.
> Louis County, Missouri, and being more particularly described as being Lots Six
> (6), Five (5) and Four (4) and part of Lot Three (3) in Block 9 of TRIPLETT'S
> ADDITION TO MANCHESTER, according to the plat thereof recorded in Plat
> Book 1 page 45 of the Recorder's Office, City of St. Louis, Missouri and described
> as: Beginning at a point in the East line of Meramec Station Road, 35.00 feet wide
> and distant 272.00 feet from the South line of Manchester Road, 60 feet wide, said
> beginning point being also the center line of 2nd Street as shown on said plat of
> Triplett's Addition to Manchester, thence continuing South and along said East line
> of Meramec Station Road, a distance of 140.00 feet to a point; thence North and
> parallel with the East line of said Section 36, a distance of 207.60 fee to a point in
> the center line of said 2nd Street; thence West and along the center of said 2nd
> Street, a distance of 205.40 feet to the point of beginning.

179.     As part of this transaction, Defendant Linda R. Smith and Defendant Josephine

executed a deed of trust as co-borrowers.

180.     On November 15, 2012, Defendant Smith and Defendant Josephine refinanced the

purchase of the Real Estate with a loan from Rockwood Bank, now known as Lindell Bank.

181.     The Rockwood loan included a Deed of Trust executed by Defendant Josephine, and

Guaranties executed by both Defendant Smith and Defendant Progressive.

182.    Annually since 2012, Defendant Smith and Defendant Josephine have refinanced the Rockwood loan, and in each of these transactions, Defendant Smith has executed a personal guaranty.

183.    On information and belief, Plaintiff states that Defendant Josephine is a shell corporation, which was formed to hold nominal title to the Real Estate and to act as a conduit for financial transactions between Linda and Progressive.

184.    Defendant Josephine appears to conduct no other business activity.

185.    Defendant Josephine maintains no corporate records.

186.    Defendant Josephine is controlled by Defendant Linda Smith and is in all aspects her alter ego.

187.    On or about May 21, 2021, Defendant Josephine sold the Real Estate to Wohlfahrt Holdings, LLC. .

188.    The Closing Statement reflects that the Real Estate was sold for $385,000 and that Josephine, LLC received $187,882.33.

189.    On information and belief, Plaintiff states that none of the proceeds of the sale were disbursed to Defendant Josephine for its operations, rather, Defendant Linda Smith disbursed proceeds to Defendant AOS and disbursed them for payment of the attorneys' fees of one or more of the Defendants.

190.    The proceeds of the sale of the Real Estate were not used for any legitimate corporate purpose of Defendant Josephine, but were used for Defendant Linda Smith's personal benefit as well as the benefit of the other Defendants.

191.    The transfer of the Real Estate to Wohlfahrt was a fraudulent transfer because it was made while Plaintiff's claim against Defendant Josephine was pending (Count III), and it was made with the actual intent to defraud Plaintiff.

192.    Plaintiff states that it appears that Wohlfahrt paid less than fair market value for the Real Estate

193.    Pleading in the alternative, Plaintiff states that equity requires that Defendant Josephine be treated as the alter ego of Defendant Linda Smith, and that Defendant Linda Smith should be deemed to have been the owner of the Real Estate.

194.    The transfer of the Real Estate to Wohlfahrt was a fraudulent transfer because it was made while Plaintiff's claims against Defendant Linda Smith, the alter ego of Defendant Josephine, (Counts III and IV) were pending and were made with the actual intent to defraud Plaintiff.

195.    Defendants concealed the transfer of the Real Estate from Plaintiff, only disclosing it in February, 2022, over nine months after the transaction occurred.

196.    Plaintiff has incurred attorneys' fees in bringing this claim.

WHEREFORE, Plaintiff prays for judgment in its favor granting all appropriate remedies available under the MUFTA, including, 1) imposing a constructive trust on the proceeds of the Real Estate in favor of Plaintiff, 2) allowing Plaintiff to execute upon and levy upon any disbursement from Defendant Josephine to any third parties, 3) directing Defendant Josephine to provide an accounting of all disbursements made by Defendant Josephine and/or Defendant Linda Smith, 4) awarding Plaintiff its attorneys' fees and costs, and for any further equitable relief which the Court deems just and appropriate in the circumstances.

Respectfully submitted,

*/s/Susan Nell Rowe*
Susan Nell Rowe I(MOBar 33360)
2117 Nebraska Avenue
St. Louis, MO 63104
(314) 852-8291
snrowe@snrowelaw.com

*/s/ Norah J. Ryan*

Norah J. Ryan #4420  MBE#32123
Attorney at Law
3407 South Jefferson Ave.
St. Louis, MO 63118
314-241-9994
314-677-2089 (Fax)
norah@norahryan.com

Attorneys for Plaintiff


**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was served by email to opposing counsel at the email addresses stated above, on this 29th day of March, 2022, to:

Mr. Brian D. Klar
KLAR IZSAK, LLC
1505 South Big Bend Blvd.
St. Louis, MO 63117
(314) 863-1117
bklar@lawsaintlouis.com

Attorney for Defendant Progressive Lawn Managers, Inc. and Defendant Linda Smith

John Talbot Sant, Jr.
BECK AND SANT, LLC
2678 Babble Creek Lane
O'Fallon, MO 63368
(636) 340-3632
tal@beckandsantlaw.com

Attorney for Defendants Avalawn, LLC, Avalawn Outdoor Solutions, LLC, and Spencer Smith

Bryan P. Cavanagh
THE CAVANAGH LAW FIRM, LLC
75 West Lockwood Avenue, Suite 222
St. Louis, MO 63119
(314) 308-2451
bcavanagh@cavanagh.com

Attorney for Defendant Josephine, 12/12/1896-10/31/1982, LLC

_/s/ Susan Nell Rowe __